Lyman v. Faris.

---

LYMAN ET AL. v. FARIS ET AL.

1. **Res Adjudicata:** VALIDITY OF TAX: ACTION AGAINST PUBLIC OFFICER. The validity of a tax having been determined in an action against the officers of the county to compel its collection, it was held that such determination, in the absence of fraud or collusion, was conclusive upon the tax payers, in whose interest the defense to the action was made by their officers.

*Appeal from an order of Hon. L. C. Blanchard, Judge of the Marion Circuit Court.*

FRIDAY, APRIL 23.

THE plaintiffs presented a petition to the judge of the court below in which it was alleged that they were tax payers in Liberty township, Marion county, and that a certain tax of five per cent upon the taxable property of said township, levied in aid of the construction of the Albia, Knoxville & Des Moines Railroad was illegal and void, and praying that the defendant Faris, who is the treasurer of the county, be enjoined from collecting the same. An order was made requiring notice of the application for injunction to be given to the defendants. The notice was given, and the defendants filed an answer, and affidavits were presented by the respective

parties. The cause was submitted upon the pleadings and affidavits, and an order was made overruling the motion for an injunction. From this order the plaintiffs appeal.

*Perry & Townsend,* for appellants.

*T. J. Anderson* and *Barcroft, Given & McCaughan,* for appellees.

ROTHROCK, J.—The question as to the validity of the tax in controversy has already been before this court in the cases of *Merrill v. Welsher et al.* and *Merrill v. Faris,* 50 Iowa, 61. One of those actions was brought against the board of supervisors to obtain a writ of *certiorari* to test the authority and power of the board to pass a certain resolution declaring said tax abated, and directing the county treasurer not to collect it. The other action was brought against the treasurer to obtain a writ of *mandamus* to compel the collection of the tax. It was finally determined in those actions that the tax was valid, and that there was no authority in the board of supervisors to abate it, and the treasurer was ordered to proceed to its collection.

1. RES ADJU-DICATA : va-lidity of tax : action against public officer.

After the final determination of those actions, this action was commenced by certain of the tax payers of Liberty township, in which they seek to enjoin the treasurer of the county, and Merrill, the assignee of the railroad company, from proceeding to the collection. In addition to what was alleged against the validity of the tax in the other cases, it is now averred that the levy is void because of certain other matters which are fully set out in the record, but which, we think, need not be particularized here, because, in our opinion, the adjudication in the other cases, that the tax was valid, is binding upon the plaintiffs.

There is no averment that the adjudication in those cases was collusive or fraudulent. Indeed, the record conclusively

shows that counsel representing the board of supervisors and the treasurer resisted the actions with great zeal and pertinacity, and never abandoned the defense until the overruling of a petition for rehearing in this court. It cannot be denied that the former actions were brought to enforce the tax, the collection of which is now sought to be enjoined. The question at issue is identical with that determined in the other cases. It involved the validity of the tax, and the defense in the other actions was that the levy was illegal and void, and that there was no authority to collect it. Here the plaintiffs claim that the tax is illegal and void, and they ask that the treasurer be enjoined from doing what, by the final judgment in the other cases, he was commanded to do. The only difference is that the plaintiffs claim that there are other grounds for declaring the tax void than those adjudicated in the former actions. This can be of no more avail to the plaintiffs than it would be to the original parties. If the validity of this tax was determined without fraud or collusion, that determination is conclusive upon the parties and their privies. But it is claimed that the plaintiffs herein were not represented by the defendants in the former actions; that there was no privity between them; that the officers of the county were indifferent between the parties, and that their acts were as much in privity with one as the other. But the record shows that the officers refused to perform what was claimed to be a duty, and sought by a resolution to abate the tax. They acted adversely to the rights of the claimant of the fund, and in the interest of the tax payer, and in his behalf denied the legality of the tax. It seems to us if we were to hold that there was no privity between the tax payers and the officers who were made defendants in the other actions, the writs of *mandamus* and *certiorari* and proceedings thereunder might as well be abolished, because if they may be annulled by a mere action by the party in interest, they are totally unavailing and determine no substantial right. It will not do to allow parties in interest to fight their legal

battles over the shoulders of a public officer, and then claim that the judgments are not binding upon them because they were not parties nor privies. We think the parties in this case are estopped and concluded by the former adjudication upon the same ground as the plaintiff was held to be concluded in *Clark v. Wolf*, 29 Iowa, 197. And see *Tredway v. I. & P. R. R. Co.*, 39 Id., 665.

AFFIRMED.

SEEVERS, J., having been of counsel in the original action, took no part in the determination of this cause.