LEONARD MORSE, PLAINTIFF, V. THE COUNTY OF HITCHCOCK AND WILLIAM H. TRITES, TREASURER, DEFENDANTS.

1. **Counties:** ATTACHED TERRITORY: TAXES. Where an unorganized county is attached to an organized one for election, judicial, and revenue purposes, and the proper officers of the organized county levy taxes upon the property in the unorganized one, and prior to the time such taxes become due the unorganized county becomes organized by the election and qualification of the proper officers, such taxes are to be paid to the treasurer of the new county. *F., E. & Mo. V. R. Co. v. County of Brown,* 26 N. W. R., 194, adhered to.

2. ———: NEW COUNTIES: RECORDS. It is the duty of the clerk of the new county to take or procure a transcript of all deeds, mortgages, judgments, and liens of every description upon real or personal property lying and being in the newly organized county.

3. **Estoppel.** Plea of former adjudication, *Held,* Not sustained.

4. **Counties:** MANDAMUS. A mere tax payer cannot, in the first instance at least, institute proceedings against the county clerk of the county to which the new county was attached to compel him to furnish a transcript of deeds, mortgages, judgments, etc. *State v. Sovereign,* 17 Neb., 173.

ORIGINAL application for injunction in proceedings relating to the revenue.

*George W. Doane,* for plaintiff.

*J. Byron Jennings,* for defendants.

MAXWELL, CH. J.

This is an action to restrain the treasurer of Hitchcock county from selling certain real estate of the plaintiff in Dundy county for taxes levied by the authorities of Hitchcock county before Dundy county was organized, and to compel the authorities of Hitchcock county to permit the

clerk of Dundy county to copy the tax books, etc., of Hitch-
cock county for the year 1884, so far as they relate to
property within the limits of Dundy county, or furnish a
transcript thereof to said clerk.

The conceded facts are substantially as follows: The
plaintiff is a resident of and elector of Dundy county; the
county of Hitchcock, in the year 1884, had been duly or-
ganized for a number of years, and Dundy county had been,
and on the 11th day of June, 1884, was, attached to Hitch-
cock county for election, judicial, and revenue purposes.
On the day last named the county commissioners of Hitch-
cock county levied taxes for that year upon all the taxable
property in Hitchcock and Dundy counties. A few days
after said taxes were levied the county of Dundy was duly
organized by the election and qualifying of the proper
county officers, and it thereupon became and now is one of
the organized counties of the state. The plaintiff at that
time was the owner of the north-west quarter of section
twenty-five, township one north, of range thirty-eight west,
in Dundy county, and on or about the 6th day of August,
1885, paid to the treasurer of Dundy county the taxes due
on said land for the year 1884, which taxes the treasurer
of Hitchcock county also claims, and unless restrained
will sell the land in question to satisfy the same.

The first question presented, viz., the right of the new
county when organized to collect taxes levied by the county
to which it was attached for election, judicial, and revenue
purposes, was decided by this court in *F., E. & Mo. V. R.
Co. v. County of Brown,* 26 N. W. R., 194; and it was
held that when the new county was organized by the elec-
tion and qualifying of its officers, it became to all intents
and purposes one of the counties of the state, and all
county business must thereafter be transacted with its
officers. This, we think, is a correct interpretation of the
statute. Why elect county officers and require them to
give bonds if the duties of such offices are still to be per-

formed in whole or in part by the officers of the county to which it was attached? The county clerk of the new county is required to procure from the proper officers of the county to which it was attached " a transcript of all deeds, mortgages, judgments, and *liens of every description* upon real or personal property lying and being in such newly organized county, and cause the same to be recorded in the proper offices of his own county." This language is certainly broad enough to include tax liens. The records are transcribed for the express purpose of being used in the new county, and the taxes due on the property in the new county are to be paid to its treasurer to enable it to meet legitimate demands. We adhere, therefore, to the decision in *F., E. & Mo. V. R. Co. v. County of Brown,* and the defendant has no authority to sell the plaintiff's land for the taxes in question. And as this action relates to the revenue the court has original jurisdiction, and the injunction will be granted as prayed.

2.   That the defendant be permitted to copy from the records of Hitchcock county all deeds, mortgages, judgments, and liens of every description upon real or personal property lying and being in Dundy county. The right to take such copies is expressly conferred by statute, and in a proper proceeding this court would compel a compliance with the law. Such an action, however, must be instituted by the county clerk. The statute expressly enjoins this duty upon him. It is claimed that the clerk of Dundy county did institute proceedings against the county clerk of Hitchcock county to obtain a transcript as required by law, and that on the hearing in the district court judgment was rendered in favor of the defendant and the action dismissed, and this judgment is now pleaded as a former adjudication. Whether the public can be debarred of a plain right given by statute we need not now stop to enquire, as we find on examining the record that the county clerk of Dundy county demanded of the clerk of Hitch-

cock county a transcript of all matters in said county which affected property in Dundy county. This the court refused to compel, probably for the reason that the clerk of Dundy county had an adequate remedy at law—the right to take such transcript himself. · The judgment, therefore, is not a prior adjudication of the same matter. A mere tax payer, however, cannot, in the first instance at least, institute proceedings to compel the clerk of Hitchcock county to comply with the statute. *State v. Sovereign*, 17 Neb., 173. The second ground upon which relief is sought must therefore be decided adversely to the plaintiff.

JUDGMENT ACCORDINGLY.

THE other judges concur.