HILLIARD v. GRIFFIN.

THE SAME v. KRUEGER.

1. **Tax Sale and Deed :** NEWLY ORGANIZED COUNTY: TAXES LEVIED AND DELINQUENT BEFORE ORGANIZATION. O'Brien county was organized in February, 1860. Prior to that time its territory was attached for revenue and other purposes to Woodbury county, and the taxes levied by the latter county on certain lands in such territory had become delinquent. After its organization, O'Brien county sold the lands for these taxes. *Held* that it had no authority so to do, and that the sale and deeds were void, because the taxes belonged to Woodbury county, and not to O'Brien, (See opinion for cases followed and distinguished.)

*Appeal from O'Brien District Court.*

SATURDAY, JUNE 11.

THE plaintiff seeks by these actions to quiet his title to certain real estate. His alleged title is founded upon a sale for the delinquent taxes upon the land for the years 1858 and 1859. The sale for said taxes was made by the treasurer of O'Brien county on the 20th day of December, 1860. The defendants claim that the sale was void because it was unauthorized by law. There were decrees in the court below for the defendants. Plaintiff appeals.

*H. E. Long*, for appellant.

*O. M. Barrett* and *J. H. & C. M. Swan*, for defendant Griffin.

*Slocum & Day*, for defendant Krueger.

ROTHROCK, J.—The county of O'Brien was organized in the month of February, 1860. Prior to that time the territory comprising that county was attached to the county of Woodbury for revenue, election and judicial purposes. The taxes for the years 1858 and 1859, in the unorganized territory, were assessed and levied by Woodbury county; and by section 226 of the Revision of 1860 it was provided that "unorganized counties and other districts now or hereafter annexed to any organized county for judicial, electoral or revenue purposes shall, for these purposes, respectively, be deemed to be within the limits of the county to which they are or may be so annexed, and to form a part thereof, unless otherwise provided by law." So far, then, as the taxes for the years 1858 and 1859 are involved, they were legally levied by Woodbury county. By the statute then in force the taxes were required to be levied and the tax-lists delivered to the county treasurer by the 1st day of November of the year in which the levy was made, and taxes became delinquent on the 1st day of February following. Under

the law the taxes in question for the year 1858 were delinquent on the 1st day of February, 1859, and the taxes of 1859 became delinquent on the 1st day of February, 1860. The county of O'Brien was not organized until February, 1860, and all these taxes were then unpaid, past due and delinquent. When the levy was made, the land in controversy was, by the express provision of the statute above cited, in Woodbury county. It was subject to taxation in that county, the same as any other land in the county. In making the estimates of the amount of taxes necessary to be levied for all lawful purposes, this land was included the same as other lands, and the taxes, when levied, became the source from which Woodbury county discharged its obligation to the state for the revenue due to it, and to the various purposes for which taxes may be levied. Whether the right to these taxes could be divested by legislative authority, we need not determine. It appears to us very clear that, without an express act of the legislature, there was no power in the officers of the new county over the taxes in question. They were past due, delinquent, and collectible in Woodbury county, and belonged to that county. There appears to be no doubt as to the correctness of this proposition. See Desty, Tax'n, 95; Blackw. Tax Titles, 292; Cooley, Tax'n, 176; *Austin v. Holt*, 32 Wis., 478; *Moss v. Shear*, 25 Cal., 38.

Counsel for appellant claims that the right to collect these taxes was transferred to the new county, and we are cited to chapter 103 of the Laws of 1858, (Revision 1860, p. 398.) That act provides, in substance, for transcribing *any deed, probate or county record* belonging to the county, and, when a new county is organized which has been attached to another county, *such records, or any of them,* may be transcribed for the use of such new county. And section 5 of the act provides that "*such* transcribed records so certified shall have the same force and effect, in all respects, as the original records, and be admissible as evidence in all cases of equal validity with the original records."

A statute of the state of Nebraska requires that, where an unorganized county has been attached to an organized county, and an organization of the attached county is effected, it shall be the duty of the clerk of the new county to obtain "a transcript of all deeds, mortgages, judgments and liens of every description upon personal and real estate lying or being in such newly organized county." In the cases of *Fremont, E. & M. V. R. Co. v. Brown Co.*, 18 Neb., 516; S. C., 26 N. W. Rep., 194, and *Morse v. Hitchcock Co.*, 19 Neb., 566; S. C., 27 N. W. Rep., 637, the supreme court of Nebraska held that, under the cited statute, a tax which had been levied before the new county was organized should be paid to the treasurer of the new county. In both of the cited cases, the tax levy was made a short time before the organization of the new county. It does not appear that the tax books had been placed in the hands of the treasurer for collection, and the court concedes that tax liens are not included in the language of the statute, but it is of the opinion that they were intended to be included. It does not appear that the authorities above cited were called to the attention of the court.

Under our revenue system, when tax books are placed in the hands of a county treasurer for collection, he is charged with the taxes, and is required to collect them and account for them. It seems to us that it would be a wide departure from any proper rule of construction to hold that a statute providing for transcribing "*any deed*, probate or county record" would authorize a new set of tax books to be made, and divest the officer charged by law of the authority of collecting the tax then due and collectible.

Our conclusion is that the taxes for which the lands were sold were payable to the treasurer of Woodbury county, and that a sale of the lands by the treasurer of O'Brien county was unauthorized by law, and void.

The sale having been void, a tax deed founded thereon conveyed no title, and the decree of the district court must be

AFFIRMED.