JAMES CANNON, Appellee, v. L. B. NELSON, Appellant.

Tax Sale: JURISDICTION: FORMER ADJUDICATION: ESTOPPEL. The territory comprising the county of Sioux being attached prior to the year 1860 to the county of Woodbury, the taxes upon lands located

therein were assessed and levied for the years 1858 and 1859 by the proper officers of Woodbury county. After the organization of Sioux county in 1860, in an action brought by Sioux county against Woodbury county and the county judge thereof, it was determined by the district court of Woodbury county that the county of Sioux was entitled to collect and receive the taxes levied for the years 1858 and 1859 upon lands situated in that county, and remaining delinquent April 28, 1860. The plaintiff having brought this action to quiet his title to certain lands in Sioux county based upon a tax sale, made under the authority of the above adjudication, for the taxes of 1858 and 1859, *held*, that such adjudication never having been appealed from the defendant was estopped from denying the authority of Sioux county to make said sale.

*Appeal from Sioux District Court.*—HON. C. H. LEWIS, Judge.

TUESDAY, JUNE 2, 1891.

ACTION to quiet title. On or about the fourteenth day of November, 1860, the treasurer of Sioux county sold the land in question for the taxes for 1858 and 1859, and the plaintiff's title deed is based upon such sale. The county of Sioux was organized on the twenty-sixth day of January, 1860, and the territory comprising the county was, before that date, attached, for revenue, election and judicial purposes, to the county of Woodbury, and the taxes for the years 1858 and 1859 were assessed and levied by the proper officers of Woodbury county, and it is said by the defendant that these facts invalidate the sale and deed on which the plaintiff relies. The plaintiff, in reply, and by way of estoppel, says that in August, 1860, Sioux county brought an action against Woodbury county, and the county judge thereof, in the district court of the latter county, wherein was presented the issue of the right of Sioux county to collect and receive the taxes levied for the years 1858 and 1859, on the land situated in Sioux county; that, upon the trial of such issue, the district court made the following findings and judgment entry:

"Now come the said parties, and submit this cause to the court upon an agreed state of facts, and, after due consideration, the court finds that the plaintiff is entitled to the taxes levied upon property in Sioux county by the defendant for the years 1858 and 1859, and remaining delinquent and unpaid the twenty-eighth day of April, 1860, and is entitled to collect the same; and for that purpose said plaintiff is entitled to a copy of the tax list of 1858 and 1859 for said Sioux county, which remained uncollected on the twenty-eighth day of April, 1860. It is, therefore, ordered that the treasurer of said defendant make out and deliver to the county judge of said Sioux county a true copy of the tax list of 1858 and 1859, for said county of Sioux, which remained uncollected on the twenty-eighth day of April, 1860; and it is further decided that the defendant is entitled to the sum of one hundred and fifty dollars for her reasonable expenses for making said copies and other services performed about said taxes of said tax list; and it is also ordered that, from and after this date, the defendant shall be enjoined and restrained from the further collection of said taxes; and it is further considered that the said defendant recover of said plaintiff the said sum of one hundred and fifty dollars, and also the costs of this suit, taxed at five dollars. Read, approved and signed in open court.

"A. W. HUBBARD,

"Judge of the Fourth District of Iowa."

The district court, in the case at bar, sustained the plea of estoppel, and gave judgment for the plaintiff accordingly, from which the defendant appeals. *Affirmed.*

*Wm. Hutchinson* and *G. R. Struble,* for appellant.

*Pitts & Kessey* and *H. T. Reed,* for appellee.

GRANGER, J.—We are to inquire as to the effect on these parties of the final degree in the case of *Sioux*

*Co. v. Woodbury Co.* The decree was entered after the assessment and levy of the taxes in question, and before their collection. The issue presented was as to the legal right of Sioux county to receive and collect such taxes, being taxes on the land then embraced within its boundaries. The issue was important to the citizens and taxpayers of the respective counties,—in fact, it may be assumed that every citizen and taxpayer had a direct interest in the result. The counties, because of their direct and also representative interest, were proper parties to the legal determination of such a question. The decree, final because not appealed from, gave to Sioux county the right to receive and collect the taxes, and enjoined Woodbury county from so doing. In pursuance of this decree, and to aid the collection of the taxes, the sale in question was made by the treasurer of Sioux county. With the correctness of that judgment, as an interpretation of the law, we having nothing to do. The court having jurisdiction of the subject-matter and the parties, its judgment is conclusive and binding on them and their privies, when properly invoked.

The query is submitted by the appellant in argument, "How could the authorities of Woodbury county pass to the treasurer of Sioux county the power and jurisdiction to sell defendant's land?" and the appellant says: "We deny that it could do it under any circumstances, even if the owner of the land had been a party to the suit, because the question involved is not one of property, but one of jurisdiction and power." This query and statement quite fairly presents points for consideration. It is unquestioned that the law gave to either the treasurer of Woodbury or Sioux county the authority to sell this land for the taxes. The counties differed in their judgments as to which treasurer possessed the authority, and by an issue properly presented the court determined the question. To

our minds, such a judgment, when final, is as conclusive upon the parties as if the issue involved the ownership of property. Some questions in argument by appellant indicate a confusion or misconception as to the proper functions of the legislative and judicial departments, as co-ordinate branches of the state government, and the effect of judicial determinations. The court by its decree did not attempt to "make law," but to declare it, which act involves a liability to err; but the judgment, because of that, is no less conclusive when final. That the judgment in the case of *Sioux Co. v. Woodbury Co.* is conclusive upon the parties to this case, and their privies is settled by the holdings in *Clark v. Wolf*, 29 Iowa, 197, and *Lyman v. Faris*, 53 Iowa, 498. These cases sustain the rule that a judgment against a county or its legal representatives, in a matter of general interest to all the people thereof,—as one respecting the levy and collection of a tax,—is binding not only on the official representatives of the county named in the proceeding as defendants, but upon all the citizens thereof, though not made parties defendant by name. It is claimed that the case is controlled by *Hilliard v. Griffin*, 72 Iowa, 331. We refer in this connection to *Pitts v. Lewis*, 81 Iowa, 51, and *Ellsworth v. Nelson*, 81 Iowa, 57, both of which are decided on the authority of *Hilliard v. Griffin*. It will be observed that this case is determined on altogether a different state of facts. It is not enough to say that the same facts could have been pleaded with like effect in all or any of these cases. The adjudication, upon which reliance is had in this case as an estoppel, was not pleaded in those cases, and they were decided without reference to that fact. Courts in one case do not take judicial notice of the records of another case. *Enix v. Miller*, 54 Iowa, 551. This case is distinguishable from those because of the adjudication pleaded. It is insisted and argued by the appel-

lant, and much importance is attached to the fact, that the courts take judicial notice of the date of the organization of counties. That courts do take such notice is settled in *Pitts v. Lewis* and *Ellsworth v. Nelson, supra,* but the fact is not of controlling importance in this case, because of the effect of the judicial determination between the counties.

The judgment of the district court is AFFIRMED.