137　659
f140　657

# Little *et al. v.* State *ex rel.* Huey *et al.*

## *Quo Warranto Proceedings.*

1. *Constitutional law; construction of act establishing board of police commissioners of city of Bessemer.*—The act of the Legislature approved March 3, 1903, entitled "An act to establish a board of police commissioners for the city of Bessemer, Alabama, to provide for the appointment of such commissioners, to define their powers and duties, and to reg-

ulate the police department of said city," is not violative of
section 45 of the Constitution of 1901, requiring that "each
law shall contain but one subject which shall be clearly ex-
pressed in its title;" every provision of said act being refer-
able and cognate to the subject expressed in its title.

2. *Same; same.*—Said act is in form original and is in itself in-
telligible and complete and is not, either in its title or in its
body, revisory or amendatory of any existing law; and, there-
fore, is not violative of the provision of section 45 of the
constitution of 1901, which prescribes that "no law shall be
revised, amended, or the provisions thereof extended or con-
ferred by reference to its title only," etc.

3. *Same; act establishing board of police commissioners of ctiy
of Bessemer violative of subdivision 18 of section 104 of con-
stitution of 1901.*—The act of the legislature approved March
3, 1903, "to establish a, board of police of commissioners for
the city of Bessemer, Alabama," etc. in that it seeks to regu-
late the police department of the city of Bessemer by the es-
tablishment of a board of police commissioners who shall have
power and authority over the police department of said city,
and confers powers different from those conferred by the
charter of said city, amends said charter in violation of sub-
division 18 of section 104 of the constitution of 1901, which
prohibits the legislature to pass a special, private or local
law "amending, conferring, or extending the charter of any
private, municipal corporation," and, therefore, said act is
unconstitutional and void."

APPEAL from the City Court of Bessemer.
Heard before the Hon. B. C. JONES.

This was a *quo warranto* proceeding, instituted by
the State on the relation of T. T. Huey and others, the
appellees, against the appellants. It was averred in the
petition that the relators were duly and regularly elect-
ed a board of mayor and aldermen for the city of Bes-
semer on September 8th, 1901; that they immediately
thereafter duly and regularly qualified and entered
upon the discharge of the duties of said offices; that un-
der the charter of the city of Bessemer, the board of
mayor and aldermen of said city had the sole and exclu-
sive power to appoint a chief of police and such other
police officers and patrolmen as from time to time they
might deem necessary for the proper protection of said
city and to make such rules and regulations for their

government, fix their salaries, etc., and that under this power they had done so; that on March 17th, 1903, the Governor of the State had appointed the respondents as a board of police commissioners; that these appointments had been made under and by virtue of the act of the legislature approved March 3, 1903; that under such appointment the respondents claim to be clothed with exclusive right and power to appoint the chief of police and other police officers and patrolmen of the city of Bessemer, and had organized as directed under said act and were proceeding in usurping the power vested in the board of mayor and aldermen of the city under its charter, so far as such charter provided for the appointment of the police officers by the board of mayor and aldermen of the city of Bessemer; that said respondents had made appointments and that said appointments were void; and that the Governor was without authority or legal power to appoint the respondents as police commissioners of the city of Bessemer.

The prayer of the petition was that the respondents be declared guilty of usurping the functions and duties of the city of Bessemer or of the mayor and board of aldermen of said city as conferred by its charter, and that it be adjudged that the respondents be excluded from the exercise of such powers, offices and privileges, and from the management, control and regulation of the police of said city.

The respondents filed an answer to the petition in which they admitted the averments thereof so far as they relate to the election by the relators as the board of mayor and aldermen of the city of Bessemer and the appointment of the respondents as police commissioners.

In their answer, the respondents denied that they usurped, intruded in or were unlawfully holding any of the powers, privileges or franchises which were conferred upon the board of mayor and aldermen of the city of Bessemer by its charter and they further averred that they were duly and legally appointed a board of police commissioners for the city of Bessemer under and by virtue of an act of the legislature approved March 3, 1903, and they averred that such appointment

was legal and authorized by said act, which act was entitled "An act to establish a board of police commissioners for the city of Bessemer, Alabama, to provide for the appointment of such commissioners, to define their powers and duties, and to regulate the police department of said city."

The relators demurred to this answer upon various grounds, in which they set up that the act of the legislature approved March 3, 1903, was unconstitutional and void, in that it was in violation of section 45 of the constitution of the State of Alabama, and was in violation of subdivision 18 of section 104 of the constitution of 1901, by reason of its amending, altering or extending the charter of the city of Bessemer, said act being a local act, and that it was in violation of sections 105, 106 and 229 of the constitution of 1901.

The court sustained the demurrer of the relators to the answer, and the respondents declining to plead further, judgment was rendered granting the relief prayed for in the petition and ordering that the respondents be excluded from the office of police commissioners of the city of Bessemer. From this judgment the respondents appeal, and assign as error the court's sustaining the demurrers to the respondent's answer, and the rendition of judgment excluding the respondents from the office of police commissioners.

PINCKNEY SCOTT, L. D. GODFREY and BOWMAN, HARSH & BEDDOW, for appellants.—The act does not violate section 45. This section has been so often construed, and the act in question is so clearly not a violation of its terms, that we content ourselves with citing authorities.—*Ex Parte Birmingham*, 116 Ala. 186; *State v. Street*, 117 Ala. 203; *Wolf v. Taylor*, 98 Ala. 254; *Barnhill v. Teague*, 96 Ala. 207; *Carter v. Price*, 50 Ala. 568; *Farley v. Dowe*, 45 Ala. 324; *Lindsay's Case*, 120 Ala. 172; *State v. Rodgers*, 107 Ala. 444; *State v. Harrub*, 95 Ala. 176; *Judson v. Bessemer*, 87 Ala. 240; *Morrow v. Earle*, 27 So. Rep. 327; *State v. Sayre*, 118 Ala. 1; *State v. Crook*, 28 So. Rep. 745; *Birdsong's Case*, 28 So. Rep. 522.

The act neither amends, confirms, nor extends, and therefore does not violate subdivision 18, § 104. In fact the word "amend" has a technical meaning in legislation, and that it is used in this sense in the constitution is frequently illustrated in the instrument itself. This court has not left in doubt the meaning of the word "amend" as it is used in the constitution, and the constitutional convention well knowing the judicial construction that had been put upon the word in its use in the old constitution, and using it again would be presumed to intend the same meaning.—*State ex rel. v. Pollard,* 40 Ala. 98; *State ex rel. v. McCary,* 128 Ala. 139; *State ex rel. v. Rodgers,* 107 Ala. 454; *Phoenix Asso. Co. v. Montgomery,* 117 Ala. 642; *Salconer v. Robinson,* 46 Ala. 347; *Evernham v. Hulit,* 45 N. J. Law 53; *Swartwant v. R. R. Co.,* 24 Mich. 389.

W. F. PORTER, *contra.*—The act contained more than one subject matter in violation of Constitution, section 45. It provides for supervision over the streets and sanitation of the city, provides for the payment of the funds of the city. It also violates section 45 of the constitution, in that the matters contained in it are not clearly expressed in the title.—*State v. So. Ry.,* 115 Ala. 250; *Woolf v. Taylor,* 98 Ala. 254.

The act amends, extends, or alters the charter of the city of Bessemer, granted by the act of the legislature December 13, 1900. The act providing for a police commission provides that such commission shall have exclusive powers to appoint such officers. Does the act amend the charter of the city? It could not have amended the charter more effectually if it had expressly repealed subdivision 10 of section 29, and inserted this act in lieu thereof. There can be no reconciliation of the two acts in this particular, and the city charter would, if this act is valid, be amended and modified to that extent at least. This condemns the act under subdivision 18 of section 104 of the constitution.—*Ayer's Case,* 2 L. R. A. page 577 and cases there cited and notes; *Anniston v. Douglas,* 104 Ala. 291; *Washington's Case,* 72 Ala. 272; *Gaudy's Case,* 82 Ala. 61; *Fox v. McDonald,* 101 Ala. 51.

HARALSON, J.—The charter of the city of Bessemer, (Acts, 1900-1901, p. 444) section 29, prescribes the powers of the mayor and aldermen of the city, and in the 10th specification of powers, bestows on them the authority "To appoint and regulate day and night watchmen, police patrol and captain thereof, and to maintain a police force consisting of such officers and patrolmen, and under such rules and regulations as they may deem necessary."

The legislature, on the 3rd March, 1903, passed an act entitled "An act, to establish a board of police commissioners of the city of Bessemer, Alabama; to provide for the appointment of such commissioners; to define their powers and duties and to regulate the police department of said city."

The first section of the act, provides for the appointment immediately after its passage and approval by the Governor, of a board of commissioners of police of the city, consisting of five members, prescribing their terms of office, etc. etc. The second section prescribes the oath to be taken by each member of the board, etc. The third, "That said board of commissioners of police * * * shall have the sole and exclusive power, and it shall be their duty, as soon as they are appointed and qualified, to appoint a chief of police, and such other officers and patrolmen as they may from time to time deem necessary for the proper protection of the city;" that they shall elect one of their number as president, keep records and requiring one of them to act as clerk or secretary; that they shall hold monthly meetings and such other meetings as the interests of the city from time to time requires, giving the board full and exclusive control and direction of the officers and members of the police force; to prescribe the salaries of the police officers, and to issue warrants monthly upon the treasurer or disbursing officer of said city for the payment of the police department. The fourth section fixes the term of the chief of police at two years and until his successor is elected and qualified, unless sooner removed, and the mode of filling vacancies; the power to fix the terms of office of all other officers under their control; to prescribe an oath for the several members

of the police force to take, and to prescribe the amount and condition of their official bonds, payable to the city and to approve the same. The fifth section bestows on the commissioners the exclusive power to appoint the sanitary inspector, the wardens of the city prison and the policemen to take charge of the city convicts, working on the streets, and have the control of the same, and of the city prison, and to fix the compensation of such officers to be paid as other members of the police department are paid, etc. Section 6 provides that the chief of police and other officers of the police force are removable at the pleasure of the board, or for their suspension, according to rules to be prescribed by the commission for bringing accusations against them, their trial, etc. Section 7 provides "That all laws and parts of laws, both general and special, in conflict with the provisions of this act be, and the same are hereby repealed." No provision is made for any compensation to members of the board, for any services they may render the city, as such.

From the provisions of the act it will appear, that every provision in it is referable to and cognate to the subject expressed in the title, and is not in anywise offensive to section 45 of the constitution, prescribing, that "Each law shall contain but one subject, which shall be clearly expressed in its title."—*Ballentyne v. Wickersham,* 75 Ala. 533; *Bell v. The State,* 115 Ala. 97. The act is in form original, is in itself intelligible and complete, and does not either in its title or in its body purport or appear to be revisory or amendatory of any existing law, and was not offensive to the provision of the section last referred to, that "no law shall be revived, amended or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended or conferred, shall be reenacted and published at length."—*City Council v. Birdsong,* 126 Ala. 632; *Thomas v. State,* 124 Ala. 48; *State v. Street,* 117 Ala. 203; *State v. Rodgers,* 107 Ala. 444.

In so far as the same constitutional provisions in the constitution of 1901, which existed under the one of 1875, in respect to amending statutes, are concerned,

we find nothing in the act in question, offensive to constitutional restrictions. But the provisions in the two constitutions are not the same in other respects to be now noticed.

Section 104 of the present constitution provides, that "The Legislature shall not pass a special, private or local law in any of the following [31] cases," the 18th of which is, "Amending, confirming or extending the charter of any private municipal corporation" etc. Then follows the provision: "The legislature shall pass general laws for cases enumerated in this section," etc.

Section 105 provides that, "No special, private or local law, except a law fixing the time of holding courts, shall be enacted in any case, which is provided for by a general law, or when relief sought can be given by any court of this State; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether relief sought can be given by any court; nor shall the legislature indirectly enact any special, private or local law by the partial repeal of a general law."

Section 109 provides, that "The legislature shall pass general laws under which local and private interests shall be provided for and protected."

Section 110 defines a general law as one which applies to the whole State, a local law as one, which applies to any political subdivision or subdivisions thereof, less than the whole, and a special or private law as one which applies to an individual, association or corporation.

There can be no question, but that the act was intended to take away from the mayor and aldermen the control of the police department of the city, by repealing that part of its charter conferring on them such power, and committing it entirely to the police commissioners, authorized by the act to be appointed and organized; and if it were not for the provisions of the new constitution, this was competent to be done, since it was within legislative competency to repeal a part or all of the city's charter.

The word "amend," as defined means "to reform; to remove errors from; to rectify; to improve; to amend."

These words "imply the lessening of evil; to improve and better; the increase of good. To reform; implies both the lessening of evil and the increase of good. Amend,—what is wrong; correct—what is erroneous; rectify mistakes, and better the condition."—Worcester Dic. "To make better, to change from bad to the better." 2 Cyc. 29. The word, amend, in legal phraseology, does not generally mean the same thing as repeal. But it does not follow that amendments of a statute may not often be accomplished by repeals of some of its parts, and in this way to better the condition, and change from bad to the better. If desired, for instance, to eliminate from the charter of the city the provision for its municipal control of the police department, it might have been accomplished under the older constitution, by the proper amendment of the section in which that power is conferred, and substituting therefor, the control of that department by commissioners, as is attempted in the act under consideration; or, it might have been accomplished, as undertaken here, by a repeal of that part of the charter, and by an independent act, passed in a manner to free it from constitutional objections, placing the police department in the control of commissioners to be appointed for the purpose. And so, it might have been possible by repeals of different parts of the charter, and by separate acts to take the place of the repealed parts, to adopt amendments as effectually as if done by direct acts of amendments. This system of legislation is condemned by the present constitution in said section 104, subdivision 18, and other sections forbidding the amending or altering of the charter of any private municipal corporation, in the passage by the legislature of "a special, private or local law." The attempt was made to do by an indirect method that which is forbidden to be done directly. It is scarcely open to dispute, if by repeal of a part of the charter, conferring corporate power upon the mayor and aldermen, and at the same time, in the same act or by another, these same corporate powers and others are conferred upon other persons to be by them executed, that the original act has been amended and enlarged.

This view is emphasized, re-enforced and made certain to the judicial mind when taken in connection with the sections above referred to, other than section 104, directing that the legislature shall pass general laws for the cases enumerated in section 104, and providing that no special, private or local law   *   *   *   shall be enacted in any case, which is provided for by general law.

It cannot be denied that the act in question seeks to confer corporate powers, and none others on the police commissioners.—*School District v. Insurance Co.,* 103 U. S. 707.

The purpose of the framers of the constitution comes out so plainly as not to be misunderstod, when these different sections of the instrument they framed are considered together. It was to prevent just such legislation as that with which we deal that these constitutional provisions were placed in the present constitution. It was the province and duty of the legislature, if it was a wise and beneficial scheme of municipal government to have the police department of this city managed and controlled by police commissioners, in the manner attempted by this act, to have passed a general law, if one was not already in existence, under which, by application to the probate or chancery court of the county, the corporate powers attempted to be conferred by the act, might have been obtained.

We find no error in the ruling of the court in sustaining the demurrer to the answer, nor in the judgment of the court excluding the defendants from the office of police commissioners of said city.

'Affirmed.

Tyson, J., *dissenting.*