# City Council of Montgomery, *et al.* *v.* Walker.

*Mandamus to Compel the City to Put in Force Certain Acts.*

(Decided Jan. 27, 1908. 45 South. 586.)

*Judgment; Conclusiveness; Persons Concluded.*—Where a petition was filed by tax payers to compel the city council to execute and put in force an act of the legislature and judgment was had de-

[City Council of Montgomery, et al. v. Walker.]

nying the writ and dismissing the same, such a judgment is res adjudicata as to a subsequent petition filed by a different tax payer seeking to enforce the same matter.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Petition for mandamus by J. L. Walker against the city council of Montgomery and others. Judgment for petitioner, and defendants appeal. Reversed and rendered.

C. P. McINTYRE, for appellant. The petition of C. A. Thomas on November 6, 1903, and its disposition is res adjudicata of the petition here sought. He and the present petitioner are both tax payers, the petition is for the same purpose in each instance, and the same parties are parties defendant.—*Thomas v. City of Montgomery*, 140 Ala. 657; *Case v. Beauregard*, 101 U. S. 688; 21 A. & E. Ency. of Law, 128.

WILSON & MARTIN, for appellee. The former petition was not a bar to the present petition, and hence the plea of res adjudicata was properly disallowed.—*McIntosh v. City of Pittsburg*, 112 Fed. 705; *Stoudenmire v. De-Bardelaben*, 85 Ala. 85; *Moulton v. Reid*, 54 Ala. 220.

SIMPSON, J.—This is a petition by the appellee, who is a citizen and taxpayer of the city of Montgomery, praying for a writ of mandamus to compel the city council of Montgomery to execute and put in force an act of the Legislature approved February 18, 1903, entitled "An act to establish a board of commissioners of police for the city of Montgomery, Ala." and forthwith elect members of the said board as provided by said act. Said act is found on page 12 of the Local Acts of 1903, and requires the city council, at their first regular meeting after November 1, 1903, to elect said police commissioners.

A plea of res judicata was interposed, based upon the following facts, towit: In 1903 another taxpayer, G. A. Thomas, filed a similar petition in the city court of Montgomery, upon which said city court sustained a motion to quash the alternative writ of mandamus, and also sustained demurrers to the petition, on the ground that the act in question is unconstitutional. The case was appealed to this court, where the judgment of the city court was affirmed; the court holding that said act was unconstituional.—*Thomas v. City Council of Montgomery,* 140 Ala. 656, 35 South. 1025. This court based its decision on the previous case of *Little v. State ex rel. Huey,* 137 Ala. 659, 35 South. 134, which declared unconstitutional another act, relating to the city of Bessemer, which is similar to the act now in question. In a later case, wherein another act, creating a recorder's court in another city, was held to be constitutional, the case of *Little v. State ex rel. Huey, supra,* was overruled; but the case of *Thomas v. City Council, etc., supra,* has not been overruled eo nomine.—*State ex rel. Gamble v. Hubbard,* 148 Ala. 391, 41 South. 903. So the only question to be decided now is whether the case of *Thomas v. City Council, etc.,* is res judicata as to this case.

The contention of the appellee is that the Thomas Case is res inter alios acta as to the appellee. There is no controversy as to the general principle that a former adjudication is res judicata only as to the parties and their privies. So the question arises: Who were the parties in the Thomas Case? The answer is: A citizen and taxpayer, who filed his petition in behalf of himself and every other taxpayer, on the one side, and the city council of Montgomery on the other side, which body also represents the great body of the people of said city. It is true that the machinery of the law is set in motion here by a different taxpayer; but the issues are the same, and

the interests involved are the same. The results of the proceedings, in each case, would operate for or against the citizen body of the city of Montgomery. It would seem, then, that there should be some limit to such proceedings. If, after the determination of such a question, any other citizen could inaugurate similar proceedings and relitigate the same questions, the matter would never be finally settled until every citizen in the city had haled the city council into court and thus kept them in continual litigation.

Accordingly, we find that the courts have decided, with considerable unanimity, that in these public matters, where proceedings are instituted by one taxpayer, for the benefit of himself and others, against the governing board of a municipality, to test the validity of a law, all of the citizens and taxpayers are parties in interest, and bound by the proceedings as fully as if they had been parties to the proceedings.—Freeman on Judgments (4th Ed.) § 178; 2 Van Fleet's Former Adjudication, §§ 569, 570; *Clark v. Wolf et al.*, 29 Iowa, 197, 207; *State ex rel. Brown v. C. & L. R. R. Co.*, 13 S. C. 290; *Lyman et al. v. Faris et al.*, 53 Iowa, 498, 5 N. W. 621; *Harmon v. Auditor, etc.*, 123 Ill. 122, 13 N. E. 161, 163, 5 Am. St. Rep. 502; *Cannon v. Nelson*, 83 Iowa, 242, 48 N. W. 1033; *Ashton v. City of Rochester*, 133 N. Y. 187, 30 N. E. 965, 31 N. E. 334, 28 Am. St. Rep. 619, 623. In the last case cited the New York Court of Appeals states that, if the question were open, the court would render a decision different from that which had been rendered by the Supreme Court, yet the judgment could not be questioned collaterally, and must stand as res judicata.—28 Am. St. Rep. 622, 623. For this court to inquire into the question as to whether the former decision was erroneous or not would be to destroy the doctrine of res judicata, which the wisdom of our laws has set up for the protection of the citizens.

' The judgment of the court is reversed, and a judgment will be here rendered denying the writ of mandamus.

Reversed and rendered.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.