No. 10,046.

GILLUM ET AL. *v.* TOWN OF RIFLE.

Decided May 2, 1921.

Action to restrain a municipality from making public improvements. Judgment of dismissal.

*Affirmed.*

## On Application for Supersedeas.

1. MUNICIPAL CORPORATIONS—*Public Improvements—Statute—Pleading.*
   Sec. 5361, R. S. 1908, providing that a resolution of a city coun-
   cil finding a petition for public improvements was subscribed
   by the required number of property owners, shall be conclusive
   of the facts so stated, held constitutional, and a demurrer to
   a complaint setting out the adoption of such a resolution and
   alleging that the petition -was not so subscribed, was properly
   sustained.

2.   *Pleading—Action to Restrain Public Improvements.* In an
   action to restrain a municipality from proceeding with pro-
   posed public improvements, a complaint alleging that certain
   signers of the petition for the improvements withdrew their
   names after the council had acted on the petition, held de-
   murrable.

3. CONSTITUTIONAL LAW—*Municipal Powers.* Subdivision II, C., chap.
   120, R. S. 1908, providing for public improvements by munic-
   ipalities, held not in violation of the fourteenth amendment of
   the federal constitution.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. C. W. DARROW, for plaintiffs in error.

Messrs. PERSHING, NYE, FRY & TALLMADGE, for defend-
ant in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit to restrain the Town of Rifle, or its offi-
cers, from proceeding in a matter concerning certain pro-
posed public improvements. A demurrer to the complaint
was sustained, and plaintiffs below, having elected to stand
upon their complaint, bring the cause here for review, and
apply for a supersedeas.

Error is assigned to the sustaining of the demurrer.

It appears from the record, and from the briefs on both sides, that the Town proceeded, and intended to proceed further, in accordance with Chapter 120, R. S. 1908, relating to public works, and particularly subdivision C. of division II thereof, governing cities and towns of less than 100,000 inhabitants. It is there provided, in section 5359 R. S. 1908, that any incorporated town shall have power to construct local improvements and to assess the cost, wholly or in part, upon the property especially benefited. Section 5361 R. S. 1908, provides what improvements can be made, and further, among other things, as follows:

"No improvement, except sewers and their appurtenances, shall be ordered under this act * * * by the city council or board of trustees, unless a petition for the same is first presented, subscribed by the owners of a majority of the frontage to be assessed for the same * * *"

It is also provided in this section, as follows:

"Before contracting for or ordering any work to be constructed, a preliminary order shall be made by * * * the board of trustees, adopting full details and specifications in conformity with petition for the same, definitely describing the material to be used, determining the number of installments and time in which the cost of the improvement shall be payable, * * * and the property to be assessed for the same, * * * and requiring an estimate of the cost to be made by * * * (an) officer or employe of the board of trustees, together with a map of the district in which the improvement is to be made, and a schedule showing the approximate amounts to be assessed upon the several lots or parcels of property within the district; * * *."

The statute then provides for further steps to be taken in the course of making improvements and assessing the cost of the same, but such steps had not yet been taken in the instant case. The complaint alleges the presentation of the petition by property owners, and the making of a preliminary order by the board of trustees of the Town. An injunction is sought to prevent the Town from taking

further proceedings, including the letting of contracts and the making of assessments.

The complaint shows that the petition was presented to the board of trustees of the Town of Rifle on February 8, 1921, and that the petition asks that the trustees "grade, curb, gutter, pave, drain, construct storm sewers," etc., on certain described streets, and to create an improvement district. The complaint further shows that on the same day the board of trustees unanimously adopted a resolution reciting the filing of the petition, finding that it was in the form required by law and signed by "the owners of a majority of the frontage to be assessed for said improvements," and directing the preparation of an ordinance creating a local improvement district and also directing the Town Engineer to make a survey of the district, plans and specifications for the improvement, a map of the district, an estimate of the total cost, the estimated cost per lot or parcel of land and to have the same indexed and filed with the Town Clerk.

The complaint alleges that, in fact, the petition was not signed by the owners of a majority of the frontage to be assessed for the improvements. This allegation is the basis of one of the plaintiffs' causes of action. As to that cause of action, the demurrer was properly sustained. It is provided, among other things, in Section 5361 R. S. 1908, that

"The finding by ordinance or resolution of the city council or board of trustees that * * * such petition was presented, as above provided, and that said petition was subscribed by the required number of owners aforesaid, shall be conclusive of the facts so stated, in every court or other tribunal."

As hereinbefore noted, the preliminary order or resolution of the board of trustees recites that the petition presented to them was signed by the required number of owners. The controversy, however, appears to be over the question whether the above quoted statutory provision is applicable in the instant case. We hold that it is, and also

that there is no constitutional objection to the statute, under the reasoning in *Londoner v. Denver,* 52 Colo. 15, 119 Pac. 156, which sustained a similar provision in the Denver charter.

For another cause of action the complaint alleges the withdrawal of certain signers of the petition, but this cause of action was demurrable for the reason, if for no other reason, that the withdrawal took place after the board of trustees acted upon the petition. 28 Cyc. 977.

It is further alleged that subdivision II C of Chapter 120, R. S. 1908, being the statute under which the Town proceeded and intends to proceed further, is in violation of the Fourteenth Amendment to the Constitution of the United States, as depriving plaintiffs and others similarly situated of property without due process of law. The particular provisions of this statute under which the Town has acted, or would act, are practically the same as those of the Denver charter, in the matter of affording an owner, whose land is assessed for special benefits, an opportunity to be heard upon the quantum of the tax and upon its validity. The constitutionality of the charter was upheld in *Londoner v. Denver, supra,* and the opinion in that case, and in *Farncomb v. Denver,* 64 Colo. 13, 171 Pac. 66, is sufficient to sustain the constitutionality of the statute involved in the instant case.

We find no error in the sustaining of the demurrer. The judgment is affirmed.

Mr. Chief Justice Scott not participating.