# State *ex rel.* Allen, *et al. v.* Town of Phil Campbell, *et al.*

*Quo Warranto.*

(Decided May 16, 1912. 58 South. 905.)

1. *Municipal Corporations; Incorporation; Attacking Validity of.* —Under section 1053-4, Code 1907, the affirmative finding of the probate judge as to the residence and qualification of the petitioners for incorporation of a town is a judicial determination of the facts stated, and in the absence of a statutory provision for appeal from the order incorporating the town, is conclusive, and cannot be attacked by quo warranto.

2. *Same; Maps and Plats.*—The provisions of section 1053, Code 1907, requiring an accurate plat or map of the territory proposed to be embraced in the corporate limit, when read with section 1054, is mandatory, and where the record shows the attachment of an inaccurate plat, void on its face, the probate judge is without authority or jurisdiction to make an order of incorporation.

3. *Evidence; Judicial Notice; Land Division.*—Courts judicially know that there are several sections 16, 17, 20 and 21, in Franklin county.

4. *Same; Patent Ambiguity.*—In a proceeding to incorporate a town a description of lands by sections without setting out township and range and without other marks or calls to show what sections are meant, presents a patent ambiguity which cannot be aided by parol proof as to the intention of the parties, or as to the property intended to be embraced.

5. *Appeal and Error; Harmless Error; Pleading.*—Where a cause is tried by the court without a jury, and it has all the facts before

it, its rulings in respect to its pleadings, if erroneous, become error without injury to the appellant, where in view of other grounds a reversal is bound to follow.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. Almon.

Quo Warranto by the State on the relation of M. L. Allen and others, against the town of Phil Campbell, and the official board thereof. Judgment for respondent and relators appeal. Reversed and remanded.

W. H. KEY, and A. H. CARMICHAEL, for appellant. A general denial is not a sufficient answer to the writ here, but it should affirmatively appear from the answer that the proceedings were in all things regular.—Sec. 1053, Code 1907; *West End v. State,* 138 Ala. 295. The state has a right to inquire by what authority the city holds, and the burden is on the city to show that it holds regularly and legally.—*Montgomery v. State,* 107 Ala. 372; *State ex rel. Little v. Foster,* 130 Ala. 154; *Jackson v. State,* 143 Ala. 145. The acts of the probate judge are not binding on the state.—*West End v. State, supra;* 18 Am. Rep. 107; 20 A. & E. Enc. of Law, 1134; 28 Cyc. 134, 137. The map or plat was void for uncertainty, and did not confer jurisdiction, as the provisions of sec. 1053, Code 1907, are mandatory when read in connection with section 1054.—15 A. & E. Enc. of Law, 1003; *Decatur v. Nelson,* 102 Ala. 556. This is jurisdictional and renders the act of the incorporation abortive and void on its face.

TRAVIS WILLIAMS, for appellee. The first proposition involved is, was the act of the judge of probate calling an election a final adjudication of the sufficiency of the petition and the signers thereto, and this must be answered in the affirmative.—Secs. 1053-4, Code 1907; 28 Cyc. 173; 147 Cal. 774. The next question is the accu-

racy of the plat, and whether or not evidence was admissible to show the boundaries included. This must be answered in the affirmative, first because the attaching of the plat was not mandatory, and second, because the relator himself founded the town, and made the plat, and sold the lots by its survey.—*Woods v. Henry,* 55 Mo. 560; 28 Cyc. 171.

DOWDELL, C. J.—This is a quo warranto proceeding instituted for the purpose of dissolving a municipal corporation known as Phil Campbell, and from a judgment of the circuit court of Franklin county, dismissing the petition and quashing the writ, the relator has appealed.

The petition for the writ rests upon two grounds: First, that the petition for the incorporation was not signed by 25 qualified electors residing within the limits of the proposed municipality; second, that the petition did not "have attached an accurate map or plat of the territory proposed to be embraced in the corporate limits, but that the same was and is inaccurate, incorrect, impossible, and void for uncertainty."

Section 1053 of the Code provides that: "When the inhabitants of an unincorporated community, which has a population of less than one hundred, desire to become incorporated as a municipal corporation, they may apply to the probate judge of the county, in which such territory is situated. * * * by a petition in writing signed by not less than twenty-five qualified electors residing within the limits of the proposed municipality. Such petition shall have attached thereto and as a part thereof an accurate plat of the territory proposed to be embraced within the corporate limits. Proof of the residence and qualification as voters of the petitioners shall be made to the judge of probate, by affidavit, or otherwise as he may direct."

Section 1054 of the Code provides that: "Upon due compliance with the provisions of the next preceding section (1053), the judge of probate must direct an election to be held," etc.

It was held, in *West End v. State*, 138 Ala. 295, 36 South. 423, under the then existing statute, that the action of the judge of probate on a petition for the incorporation of a town was ministerial, in so far as it related to the qualification of the signers of the petition, and of consequence, that such action would not preclude inquiry into the validity of the petition in a proper direct attack upon the proceedings for incorporation. As a premise for that ruling, however, it was stated by the court that the law as it then existed provided no way for contesting the petition, or whereby the probate judge could judicially ascertain the qualification of the petitions.—Acts of General Assembly, 1900-01, p. 965, amendatory of section 2937 of the Code of 1896. The clear implication from the decision is that, if a mode for contesting the petition or for a judicial ascertainment of the qualification of the petitioners had been provided by the statute, the proceedings for incorporation would be safe from attack by quo warranto, if the record showed the ascertainment by the court, or that contest was made.

On account of the difference in the two statutes, it is here insisted by the appellee that the *West End Case, supra*, is not authority for declaring void the proceedings to incorporate the town of Phil Campbell, but, inferentially at least, that it is authority for upholding them, so far as it relates to the qualification and residence of the petitioners.

The insistence seems to have support in the case of *Dunbar v. Frazer*, 78 Ala. 538. In that case the court construed an act regulating the granting of license to

sell liquor in the city of Opelika. Said act is found in the Acts of 1885 (Acts 1884-85, p. 179), and was approved February 17, 1885. The act required applicants for licenses to give notice for at least 20 days previously, by publication in a newspaper, naming the time when and place where the application would be made; and "proof" that such publication was made, by satisfactory evidence. It was also provided that the application might be contested, by a denial under oath that the applicant was a person of good moral character, etc.; that witneses might be examined as to that issue; and that the determination of the issue should be final.

In construing the statute, the court said: "Construing all the parts of the act together, we are firmly of the conviction that the act of granting license, under the provisions of this law, is the exercise of a function quasi judicial in its nature. * * * Where a power of this doubtful kind is conferred on a judicial officer, and the public interests will be best surserved by holding it to be of a judicial nature, the courts are always so inclined to hold."—*Ex parte Harris,* 52 Ala. 87, 23 Am. Rep. 559. And the court held that the action of the judge refusing the license could not be controlled by mandamus. The following cases were cited: *McDuffie v. Cook,* 65 Ala. 430; *Mobile Mut. Ins. Co. v. Cleveland,* 76 Ala. 321; High on Extr. Rem. § 231; *Ex parte Thompson,* 52 Ala. 98. From the last-cited case the court quoted as follows: "I can conceive of no case in which an officer is compelled to hear evidence, and to exercise judgment on such evidence, that the power, the duty he exercises, is not, to say the least of it, in its nature judicial."

In California, under a statute relating to the creation of municipal corporations, which provides that the board of county supervisors shall, on the hearing of a petition

[State ex rel. Allen, et al. v. Town of Phil Campbell, et al.]

for incorporation, determine how many inhabitants reside within the proposed boundaries and whether the petition is signed by a sufficient number of electors in the district, it was held that, in quo warranto proceedings by the state attacking the validity of the corporation, the finding of the board on those questions was conclusive, in the absence of a law providing for an appeal.—*People v. Loyalton,* 147 Cal. 774, 82 Pac. 620; *People v. Los Angeles,* 133 Cal. 338, 65 Pac. 749. And the same seems to be the rule in Missouri.—*State v. Flemming,* 158 Mo. 558, 59 S. W. 118.

In the instant case the record shows that the petition was signed by 26 persons, alleged to be qualified electors residing within the limits of the proposed municipality. The entry or order made on the filing of the petition by the judge recites as follows: "And proof being made by affidavit of Seth R. Mapes that the persons whose names are signed to said petition are each qualified electors of and reside within the limits of the proposed municipality." This we think shows a judicial determination by the judge of the existence of the facts stated, and the statute under which the proceedings to incorporate the town not making any provision for appeal from the order of the judge incorporating the town, therefore, in line with the discussion we have indulged in, and in consonance with the authorities cited, we hold that the incorporation proceedings are safe from attack on the point under discussion.

We have considered very carefully the second point of attack, that the petition did not have attached thereto and as a part thereof an accurate plat of the territory proposed to be embraced within the limits of the corporation, and are constrained to believe that it is fatal to the incorporation proceedings.

14—177

To bring in view more clearly the statutory requirement in this respect, we quote again the statute: "Such petition shall state the name of such proposed municipality, and shall have attached thereto and as a part thereof, an accurate plat of the territory proposed to be embraced in the corporate limits." It will be observed that proof of the accuracy of the plat is not required, nor is the judge in any sense required to determine the sufficiency of the plat in respect to accuracy or otherwise. That seems to be the responsibility of the petitioners; they are to see that the plat is accurate. Turning to the order made by the judge (page 23 of the record), we find that it makes no recital in respect to the accuracy of the plat attached. The recital is: "A description of the territory to be embraced in said corporate limits is embraced in and made a part of said petition." This cannot be held to be an adjudication that the plat attached is an accurate one, even if the statute authorized a judicial ascertainment of that fact by the judge, which it does not. And the record affirmatively shows that the plat attached is void for uncertainty. It describes and shows the territory as in sections 16, 21, 17, and 20, without giving any township or range, and without any other description identifying what township or range the sections are in, or where the territory is, except that it is in Franklin county. And this last fact appears only by an averment in the petition, and is no part of the plat.

We judicially know that there are several sections 16, 17, 20 and 21 in Franklin county. Therefore, as the plat stands, it might refer to any number of sections numbered 16, 17, 20, and 21, as well as to the sections the petitioners might have intended it to refer to. But for the fact that these facts are affirmatively shown by the incorporation proceedings, we might be able to say

of the proceedings they are defective but not void; however, we do not decide this question.

The provision of the statute is mandatory, not directory merely; indeed, the requirement that an accurate plat be attached is jurisdictional, made so by the first sentence in section 1054 of the Code, which provides that, "upon compliance with the provisions of the next preceding section, the judge of probate must direct an election to be held." Therefore, without an *accurate* plat attached to the petition, the section was not complied with, and the judge would be without jurisdiction to make any order in the premises. That the plat cannot be omitted and the proceedings upheld seems clear, and, if not, the attaching of an inaccurate plat, one that is void on its face, is the equivalent of attaching none at all, and produces the same consequence.

A description of land by sections, without mentioning the township and range, and without other marks and calls to show what sections are meant, presents a patent ambiguity which cannot be aided by parol proof, as to the intention of the parties, or as to the property intended to be embraced. Therefore the plat is void.—*Chambers v. Ringstaff*, 6 Ala. 140; *Brannan v. Henry*, 142 Ala. 698, 39 South. 92, 110 Am. St. Rep. 55.

It is not necessary to notice the insistence of the appellant that the verbal description in the plat renders it void.

It follows, from what has been said and decided, that the court committed reversible error in admitting parol testimony to aid the plat.

The cause was tried by the judge without a jury. The bill of exceptions shows that the court had all of the facts before him, and, if there are any erroneous rulings shown by the record in respect to the pleadings, it is

error without injury to appellant, in view of the disposition to be made of the case here.

On the facts disclosed by the record, the court erred in dismissing the petition and in quashing the writ. He should have retained the writ and have quashed the incorporation proceedings. Such will be the judgment of the court on this appeal.

Reversed and rendered. All the Justices concur, except McCLELLAN, J., not sitting.