THE PEOPLE *ex rel.* George M. Lewis *et al.* Plaintiffs in Error, *vs.* D. B. WHITTAKER *et al.* Defendants in Error.

*Opinion filed June 21, 1912.*

1. DRAINAGE—*the effect of quo warranto judgment detaching lands from a district.* A *quo warranto* judgment detaching from a drainage district lands unlawfully included therein, which were already a part of another district, and ousting the commissioners from exercising any authority over the detached lands, does not dissolve the district as to lands properly included therein, but has the effect, until reversed or set aside, of holding that the district is legally organized as to the lands properly included.

2. RES JUDICATA—*when judgment in quo warranto is res judicata as to validity of a drainage district.* A judgment in a *quo warranto* proceeding at the suit of the People, on the relation of certain land owners in a drainage district, detaching the lands of the relators from the district, and holding, in effect, that as to the other lands the organization of the district is valid, is *res judicata* while it remains unreversed, and, though erroneous, bars a second *quo warranto* proceeding in the name of the People, at the suit of other relators, to have the organization declared invalid as to the other lands.

Writ of Error to the Circuit Court of Lawrence county; the Hon. Jacob R. Creighton, Judge, presiding.

B. O. Sumner, State's Attorney, George Huffman, and Gee & Barnes, for plaintiffs in error.

George W. Lackey, and McGaughey & Tohill, for defendants in error.

Mr. Justice Farmer delivered the opinion of the court:

This is a writ of error to review a judgment of the circuit court of Lawrence county denying leave to plaintiffs in error to file an information in the nature of *quo warranto* to test the validity of the organization of the Ambraw River Drainage District. The petition for leave to file the information was accompanied by the affidavit of George M. Lewis, Zach Crump and Charles Bunyan, the three relators. The affidavit set out that the Ambraw River Drainage District embraced within its boundaries a part of the Eagle Branch Drainage District,—a drainage district organized under the laws of the State of Illinois before the Ambraw River district was organized; that the defendants in error, pretending to be commissioners of the Ambraw River district, had entered upon the lands of affiants embraced in said pretended district and assessed the same, condemned the right of way and exercised all the functions and powers of drainage commissioners, and had given notice that they would issue and sell bonds of said district. Attached to and made a part of the affidavit were a notice of the sale of bonds and a copy of a judgment of the circuit court of Lawrence county rendered at the October term, 1911, in a *quo warranto* proceeding in the name of the People, on the relation of Lyman O. Havill, sole commissioner of the Eagle Branch Drainage District, and other land owners in said Eagle Branch district, against defendants in error, drainage commissioners of the Ambraw River

Drainage District. By said judgment defendants in error were ousted of all right or authority to exercise the powers and functions of drainage commissioners over any land which was embraced in the Eagle Branch district. The judgment describes particularly the lands in the said Eagle Branch district from which the commissioners were ousted and adjudges costs against them.

The information sought to be filed and presented with the petition and affidavit charged defendants in error with usurping the powers and authority of drainage commissioners in the pretended Ambraw River Drainage District. The second count of the information alleged that said Ambraw River district was organized and its boundaries fixed by the county court of Lawrence county in July, 1910; that as organized it embraced land in the Eagle Branch district, which had previously been organized by order of the county court; that after the organization of the Ambraw River district defendants in error proceeded to exercise the authority of commissioners over all the lands embraced therein, including those in the Eagle Branch district. Said second count set out the filing of an information in the nature of *quo warranto,* upon the relation of Havill, sole commissioner, and other land owners in the Eagle Branch district, the judgment and decree ousting defendants in error of all right or authority as commissioners of the lands embraced in the Eagle Branch district, and detaching and excluding from the Ambraw River district the lands embraced in the Eagle Branch district. The information alleged that this left the Ambraw River district without any definite boundary line; that the boundaries of said district were by the judgment changed without warrant of law and said district invalidated thereby; that the pretended district as it now exists is not the district petitioned for and established by the order of the county court; that by releasing the lands of the Eagle Branch district the cost of the work was not diminished and that the tax upon the lands of the Ambraw

River district would be increased and rendered more burdensome than was contemplated when the district was organized, wherefore the Ambraw River district was not a legally organized drainage district. A copy of the information filed on the relation of Havill and others was attached to the information, together with all other papers filed and orders made in said proceeding.

In opposition to the petition for leave to file the information in this case defendants in error filed their affidavit. The objections to granting leave to file the information were based upon three propositions, as shown by the affidavit, which is a lengthy one: (1) That the matters and things sought to be litigated by the information had been adjudicated and determined in the former *quo warranto* proceeding, which judgment was rendered in October, 1911, to reverse which no appeal was prayed or taken and no writ of error sued out and which said judgment is still in full force and effect; (2) that the relief prayed is for the purpose of redressing private wrongs, which, if they exist at all, were known to the relators when the hearing was had on the former information; (3) that the relators are barred by *laches*. The affidavit sets out that after the judgment in the former *quo warranto* case was rendered, defendants in error, as commissioners of the Ambraw River Drainage District, had let a contract for the construction of the work and had sold bonds they were authorized to issue in the sum of $60,762 and were now ready to deliver the same to the purchaser. The affidavit states that the land embraced in the Ambraw River district, as originally organized, comprised 9730 acres; that the judgment in the former *quo warranto* proceeding detached from the district 769 acres which were in the Eagle Branch district, leaving in the Ambraw River district 8961; that the lands detached were assessed $4060.90 and the lands remaining in the district were assessed $60,762, and that said sum is sufficient and ample to pay for the work to be done ac-

cording to the original report of the commissioners and all expenses incident to doing said work. Attached to the affidavit is a copy of all papers filed and orders made from the petition for the organization of the Ambraw River district to its final organization, the assessment roll, publication notices and judgment of confirmation.

As we understand the position of plaintiffs in error, it is that the organization of the Ambraw River Drainage District was illegal in the first place because it embraced land in another district, and that said Ambraw River district was invalidated by the judgment of the court in the former *quo warranto* proceeding detaching from it lands embraced in the Eagle Branch district. It was held by this court in *People* v. *Crews*, 245 Ill. 318, and *People* v. *Lease*, 248 id. 187, that lands in a district already organized can not be included in the organization of another district. The county court, therefore, had no authority to make the Eagle Branch district a part of the Ambraw River district, but the judgment so organizing the district was acquiesced in and no attempt made to reverse it. After the Ambraw River district was organized and the assessment levied and confirmed, *quo warranto* proceedings were instituted in the name of the People by the State's attorney, upon the relation of L. O. Havill, alleged to be the sole commissioner of the Eagle Branch district, and other land owners in that district, against the commissioners of the Ambraw River district. The judgment in that case did not dissolve the district but merely detached the lands of the Eagle Branch district which were included in the Ambraw River district and ousted the commissioners from the exercise of any authority over the lands detached. The remaining lands in the Ambraw River district (nearly 9000 acres) remained the Ambraw River district and the defendants in error remained the commissioners of said district. It was not so expressly recited in the judgment but such was its effect. No appeal was prosecuted or writ of error sued out to re-

verse that judgment and it still remains in full force and effect. As the court had jurisdiction of the subject matter and the parties it was not a void judgment.

Plaintiffs in error contend that said judgment is not a bar to this proceeding because the relators, in the former case were land owners in the Eagle Branch district and were not interested in dissolving the Ambraw River district, but were only interested in having, their lands detached from said district; that the commissioner and land owners in the Eagle Branch district could not question the legality of the Ambraw River district, and its legal organization, therefore, was not passed upon in the former case. The information was in the name of the People and its effect was to challenge the legality of the organization of the Ambraw River district. Assigning as a ground of illegality that it was unlawful to include land already in another district did not change the character of the proceeding or remove from consideration the inquiry whether the Ambraw River district was a valid, legal organization. The effect of the judgment was that it was legal and valid except as to the lands in the Eagle Branch district. Those lands were eliminated and the remainder of the territory was held a validly organized district and defendants in error its duly authorized commissioners. Whether that judgment was erroneous or not cannot be inquired into in this proceeding. The fact that the relators in the former proceeding were not the same persons as the relators in this case does not, in our opinion, relieve this case from the bar of the judgment in the former case.

Plaintiffs in error insist that the information sought to be filed in this case was for the determination of public rights and that private rights were merely incidentally involved. If that be true, it would apply with equal force to the first suit. Both were in the name of the People and involved the same character of rights. It cannot be the law that a succession of *quo warranto* proceedings may be

brought in the name of the People to try the validity of a drainage district if different relators are named in each suit.

We can see no reasonable theory upon which it can be said plaintiffs in error are not barred by the former judgment, and in our opinion the circuit court did not err in denying leave to file the information.

*Judgment affirmed.*