(76 South. 444)

STATE ex rel. WAGNON v. TOWN OF ALTOONA et al. (7 Div. 892.)

(Supreme Court of Alabama. June 21, 1917.)

MUNICIPAL CORPORATIONS ⊜⟳12(3)—INCORPORATION—VOID CHARACTER OF PLAT—IMPOSSIBILITY AS TO TERRITORY.

Where the plat of territory to be embraced in a proposed town set up an impossibility, having section 4 in township 12 under and immediately south of section 32 in township 11, and section 3 of township 12 immediately south of section 33 in township 11, the plat was void on its face, regardless of the county or counties in which it placed the land.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Certiorari by the State, on the relation of T. B. Wagnon, against the Town of Altoona and others. From judgment denying relator relief, relator appeals. Judgment reversed, and judgment rendered quashing the proceedings incorporating defendant town, and ousting respondent officers.

Culli & Martin, of Gadsden, for appellant. White & Lusk, of Gadsden, for appellees.

ANDERSON, C. J. In the case of State ex rel. v. Town of Phil Campbell, 177 Ala. 204, 58 South. 905, this court held that, under section 1053 of the Code of 1907, it was essential to the right of the probate judge to act that the petition have attached thereto an accurate plat locating and describing the territory to be embraced in the proposed town. It was also held that, if the plat was so indefinite and uncertain as to the territory to be incorporated, it would be fatal to the incorporating proceedings, and that the deficiency could not be cured by an ascertainment by the judge that the plat was accurate, as the attaching of a plat to the petition was jurisdictional, and an indefinite and void plat was the equivalent of no plat.

The plat in question is void upon its face, for, regardless of the county or counties in which it places the land, it sets up an impossibility as to the territory therein embraced and as located. For instance, in setting out the sections, or parts thereof, embracing the territory, the arrangement with respect to location is an impossibility. It has section 4 in township 12 under and immediately south of section 32 in township 11, and section 3 of township 12 immediately south of section 33 in township 11. This is a patent error, not self-correcting, and the plat is an impossibility as to the description of the territory to be embraced in the proposed town, and is therefore unlike the one considered in the case of Foshee v. Kay, 72

South. 391.[1] There the error was self-correcting, for, while the plat recited that it was in a certain township, other physical facts appeared on said plat to show that it was in a township immediately north. Here we have sections arranged contiguous to each other which is impossible, and nothing on the face of the plat to reconcile or explain this error, if such a one could be explained or reconciled.

The circuit court erred in denying the relator relief, and the judgment is reversed, and one is here rendered quashing the incorporating proceedings and ousting the respondents.

Reversed and rendered.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.