(89 South. 514)

**TOWN OF TALLASSEE et al. v. STATE ex rel. BRUNSON et al.   (5 Div. 790.)**

(Supreme Court of Alabama.   June 9, 1921.)

**Judgment ⬤⇨702—Decision in quo warranto proceeding held res adjudicata on validity of organization of municipality, as against different relators.**

Where a proceeding in the nature of quo warranto was begun in the name of the state on relation of individuals against a town to dissolve the corporate entity on certain grounds, including that of the insufficiency of the description of the area involved, and respondents interposed demurrers which were sustained, and relators declined to amend, and final judgment was entered in favor of the respondents, the judgment was tantamount to one upon the merits on final submission, and was res adjudicata as to the sufficiency of such description in another action by different relators, seeking the dissolution upon that ground.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Action in the nature of quo warranto by the state of Alabama on the relation of T. W. Brunson and others, citizens, etc., against the Town of Tallassee and others, to annul the incorporation of the town and to oust its municipal government. From a decree granting the relief prayed, respondents appeal. Reversed and rendered.

The following portion of the statement of the case, in quotation, is taken from brief of counsel for ᐧappellant, the correctness of which is not questioned by opposing counsel:

"This is an action in the nature of quo warranto by the state on the relation of T. W. Brunson against the town of Tallassee and the individuals acting as its mayor and aldermen for the purpose of dissolving it as a corporate entity.

"It is alleged in the petition that T. W. Brunson is a citizen of Elmore county, Ala., resides within the corporate limits of the town of Tallassee, and is over the age of 21 years; that D. H. Sayers, Jesse Gulledge, J. M. Herren, M. F. Bruce, G. W. Martin, and H. J. Sullivan have associated themselves together as mayor and councilmen of the town of Tallassee, and as such are levying and collecting taxes, passing ordinances and exercising all the rights, privileges, and franchises of a municipal corporation without having been duly incorporated; that the invalid and void proceedings of the purported corporation consisting in the fact that there was on the 9th day of December, 1907, filed in the office of the judge of probate of Elmore county, Ala., a petition, signed by 25 persons, purporting to fix the boundaries of the limits of the proposed town of Tallassee, and petitioning to be incorporated under the name of town of Tallassee, but that the only description of the boundaries of the limits of the proposed town set out in said petition is in words and figures as follows: Block Nos. 32, 43, and 44, according to the survey of John M. Gray; 1853; that there is attached to said petition referred to no accurate map or plat showing the boundaries or limits of the proposed municipal corporation; that there does not appear anywhere of record, that notice was given by publication or by posting as required by law to the effect that an election would be held to determine whether the inhabitants of the described community desired to become incorporated under the name of town of Tallassee; that a ᐧplat showing the limits of the proposed town was on file in the office of the judge of probate of Elmore county; that on January 14, 1908, the probate judge of Elmore county certified blocks 42, 43, and 44 according to the survey of John M. Gray of 1853, so incorporated under the name of the town of Tallassee, but that said certificate of incorporation is null and void, and that the alleged town of Tallassee is a nullity for the reasons set forth in the petition.

"Thereupon the defendants filed their plea and answer, setting up the facts as to the incorporation of the town of Tallassee and its history since the incorporation. Plea No. 8 alleges that immediately after the making of the order or decree of the probate judge of Elmore county, declaring the territory described in the petition for incorporating a municipality under the laws of the state of Alabama, the town of Tallassee, through its mayor and aldermen, selected under the law of the state, began to exercise all the privileges and franchises of a municipal corporation, and on the 19th day of March, 1908, the state of Alabama, on the relation of one J. H. Cole, and said J. H. Cole, filed in the circuit court of Elmore county, Ala., against the town of Tallassee and its then acting mayor and aldermen an information in the nature of an application for a writ of quo warᐧranto, seeking to oust its said mayor and aldermen from the exercise of the privileges and franchises of a town or municipality, alleging that the order of incorporation was void and invalid for the same reason, or substantially the same reason, as is alleged in the information in this cause for the invalidity of the same, and, said information being submitted to said court on demurrers of the defendants thereto, it was ordered and adjudged by said court by a judgment thereon duly made on the 6th day of April, 1908, and duly entered on the minutes of said court, that the causes alleged therein for the invalidity of said proceedings of incorporating said town were wholly insufficient, and, the plaintiffs declining to plead further, said information ᐧwas dismissed."

The judgment in the former litigation above referred to in the name of the State of Alabama ex rel. J. H. Cole and J. H. Cole v. Town of Tallassee et al., is as follows:

"Comes the parties by their attorneys, and the relator by leave of the court amends its second ground of objection to said petition filed in the probate court so that said ground shall read as follows:

"Second. For that an accurate plat of the territory proposed to be embraced within said corporate limits is not alleged in said petition to be attached to and made a part of said petition.

"And the respondents renew to said infor-

mation as amended, the motion to strike and the demurrers to the same heretofore filed.

"Upon consideration, it is ordered and adjudged by the court that said motion to strike be, and the same is hereby, overruled.

"It is further considered by the court, and it is the judgment of the court, that the demurrer to said information and the several grounds thereof be, and the same are hereby, sustained, and, the relator declining to amend said information, it is considered by the court and it is the judgment of the court that judgment final be entered in favor of the respondent to said information on said demurrers.

"It is therefore ordered and adjudged by the court that the respondents go hence and recover of the relator and the sureties on his bond for the costs in this behalf expended, for which let execution issue. And the said relator and the state of Alabama on the relation of said relator jointly and severally except to said ruling and judgment of the court sustaining said demurrers."

In paragraph 7 the defendant set up that after the incorporation, in 1908, the town immediately, through its officers, duly elected, began to exercise the privileges and franchises of a town until the 1st of January, 1909, when it became dormant, and remained so until the 1st of January, 1910, at which time it was duly revived, and through its officers duly elected again began to exercise the privileges and franchises of a municipality, and has continuously since that time exercised the same, and has continuously since said time levied and collected taxes, adopted ordinances, and other matters which are set forth by way of reasons why the court should not exercise its discretion in granting the relief prayed.

In support of the defenses interposed the records of the proceedings of incorporation were introduced in evidence, and also, the record of the proceedings in the cause of State of Alabama ex rel. J. H. Cole and J. H. Cole v. Town of Tallassee et al., showing the information by the plaintiff in the cause for a writ of quo warranto, and attacking the proceedings of the incorporation of the town of Tallassee for the same reasons assigned in the present case, and a judgment in said case, hereinabove set out. It was further shown by the proof that the parties defendant in the cause of State ex rel. Cole v. Town of Tallassee was the town of Tallassee and its then acting mayor and aldermen, and also showed the activities of the town since the time of incorporation.

Upon the final hearing of the cause the court entered a judgment granting the relief prayed, to the effect that the town of Tallassee has no existence as a municipal corporation, and ousting the same from the exercise of such rights and powers, and also a judgment of ouster against the mayor and aldermen, respondents to the cause. From this judgment the appeal is prosecuted.

P. B. McKenzie, of Tallassee, George W. Smoot, of Wetumpka, and J. Lee Holloway, of Montgomery, for appellants.

The state was barred by its acquiescence in the exercise by the municipality of its rights and privileges. 236 Mass. 564, 129 N. E. 662; 38 Ark. 81; 15 Mich. 463; 16 Ill. 257, 63 Am. Dec. 304. The court should exercise the judicial discretion in granting or refusing a judgment of ouster. 157 Ala. 380, 47 South. 246; 236 Mass. 564, 129 N. E. 662. The issues in the Cole Case were the same as the issues in this case and the pleas were proven beyond dispute. 128 Ala. 175, 30 South. 792; 252 Ill. 625, 97 N. E. 247, 38 L. R. A. (N. S.) 763; 153 Ala. 211, 44 South. 974; 117 Ala. 413, 23 South. 68.

Holley & Milner, of Wetumpka, for appellees.

The former action was no bar to the present one. 38 Kan. 184, 16 Pac. 799; 18 Ohio, 262; Wilcox, Municipal Corporations, § 503. The state is not barred under 20 years. 196 Ill. 310, 63 N. E. 749; 62 Or. 332, 124 Pac. 637, Ann. Cas. 1914C, 488; 197 Ill. 409, 64 N. E. 253. There is no question but what the attempted incorporation is void. 177 Ala. 204, 58 South. 905; 200 Ala. 542, 76 South. 867.

GARDNER, J. This is an action in the nature of a quo warranto against the municipality of Tallassee and the individuals acting as its mayor and aldermen, for the purpose of dissolving it as a corporate entity and ousting the individual respondents from the exercise of the powers of their office.

The principal grounds of attack as to the validity of the incorporation proceedings rest upon the insufficiency of the description of the property to be embraced as a part of the municipality in the petition filed before the probate judge. The cases of Foshee v. Kay et al., 197 Ala. 157, 72 South. 391; State ex rel. Wagnon v. Town of Altoona, 200 Ala. 502, 76 South. 444, and State ex rel. v. Town of Phil-Campbell, 177 Ala. 204, 58 South. 905, are cited in support of this insistence.

The answer sets up several matters of defense, among them being that of res judicata, as disclosed by paragraph 8, the substance of which appears in the foregoing statement of the case. Another defense most strenuously insisted upon is that which appears in paragraph 7, wherein it is insisted that the state has long acquiesced in the exercise of corporate functions by the municipality, and circumstances disclosing that important public interests have become affected, and that on account of such considerable delay sound judicial discretion requires a denial of such relief, and refusal to oust the municipality from the exercise of its franchises. In sup-

port of this defense is cited the case of Attorney General ex rel. Mann v. City of Metheun (Mass.) 129 N. E. 662. We have reached the conclusion, however, that this case may be determined upon the defense first mentioned, that of res judicata, and we will therefore confine ourselves to a discussion and determination of that one question.

It appears from the pleadings and proof that within a year after the incorporation of this municipality a proceeding in the nature of a quo warranto was begun in the name of the state, on the relation of J. H. Cole and J. H. Cole individually, against the town of Tallassee and the individuals holding the positions of mayor and aldermen thereof, seeking the dissolution of the corporate entity upon practically the same grounds as appear in the instant case.

The principal cause set forth in the petition in the cause here under consideration, that of the insufficiency of the description of the area involved, was also one of the grounds on the former attack. Respondents interposed demurrers in the former action, which were sustained. Relators declined to amend the information, and final judgment was entered in favor of the respondents. The ruling of the court thus appears to have been upon the merits, and not upon any mere question of amendable defect in pleadings or for any such question as misjoinder of parties. Under these circumstances we are of the opinion that the judgment rendered was tantamount to one upon the merits on a final submission. This question is discussed in 2 Van Fleet's Former Adjudication, § 309; and the following cases are also in point: Perkins v. Moore, 16 Ala. 17; Howard's Distributees v. Howard's Adm'r, 26 Ala. 682; Stein v. McGrath, 128 Ala. 175, 30 South. 792; People, ex rel. v. Harrison, 253 Ill. 625, 97 N. E. 1092, Ann. Cas. 1913A, 589.

The only remaining question, therefore, is whether or not this judgment may be properly pleaded as res judicata in this action. This question was considered by the Court of Civil Appeals of Texas in the case of McClesky v. State ex rel., 4 Tex. Civ. App. 322, 23 S. W. 518, where it was held under similar circumstances that the former judgment was binding and conclusive.

It is to be noted in the first place that the relator in the former litigation, as well as in the instant case, does not seek the assertion or protection of any private right, but merely acts for and on behalf of the public generally.

The question was also discussed by the Supreme Court of Illinois in People ex rel. v. Harrison, supra, with like result, and there it was pointed out that in such cases, where no private interest is involved, the right sought to be enforced is a public right, wherein the people are regarded as the real party in interest. The case of State ex rel. Smyth

v. Kennedy, 60 Neb. 300, 83 N. W. 87, supports a like conclusion, and quotes the following from New Orleans v. Citizens' Bank, 167 U. S. 371, 17 Sup. Ct. 905, 42 L. Ed. 202:

"The very essence of judicial power is that when a matter is once ascertained and determined it is forever concluded when it arises again under the same circumstances and conditions between parties or their privies."

The opinion also quotes from authorities to the effect that a judgment in quo warranto is final and conclusive, and that such is also the effect of a judgment in the more modern proceeding in the nature of a quo warranto. The cases of Shumate v. Supervisors, 84 Va. 574, 5 S. E. 570, and People v. Holladay, 93 Cal. 241, 29 Pac. 54, 27 Am. St. Rep. 186, also support this view.

It is not questioned that the subject-matter of the former litigation was identical with that here involved, and the judgment rendered was by a court having full jurisdiction of the cause. While the nominal parties in the two suits are different, yet the real parties are the same, for the actors in both suits represented the public, and the respondents represented not only the municipality but the inhabitants thereof. This is pointed out very clearly in 1 Freeman on Judgments, § 178, as well as by some of the authorities cited therein.

As contrary to this view counsel for appellee cite State v. Stock, 38 Kan. 184, 16 Pac. 799; State v. Cin. Gas. & L. Co., 18 Ohio St. 262, and Lindsay v. Allen, 112 Tenn. 637, 82 S. W. 171. The latter case may well be rested upon the principle that the former litigation there involved was not bona fide, and that therefore is not an authority contrary to the conclusion here reached. The case of State v. Stock, supra, may be distinguished, we think, upon the theory the opinion discloses the former litigation was by an individual in the assertion of a private interest, and it was held this was not binding upon the state in the exercise of sovereign power to have determined a question of great governmental importance. In the case of State v. Cin. Gas. & L. Co., supra, the court gives but scant consideration to this question, merely stating its conclusion without any discussion or citation of authority.

We have concluded that upon both principle and the weight of authority the defense of res judicata should be held to be sustained. It was indicated in State ex rel. Knox v. Dillard, 196 Ala. 539, 72 South. 56, that a judgment of dismissal under circumstances similar to those here involved, after demurrers having been sustained and petitioner declined to plead further, would be res judicata of the respondent's rightful occupancy of the office in question. But we think the case of City Council of Montgomery v. Walker, 154 Ala. 242, 45 South. 586, 129 Am. St. Rep.

54, is here very much in point by way of analogy. That was a case of petition by a taxpayer of the city of Montgomery seeking writ of mandamus to compel the city of Montgomery to put in force the provisions of a certain act which provided for the establishment of a board of commissioners of police. It appeared that previously another taxpayer (one Thomas) had filed a similiar petition seeking the same end, attacking the constitutionality of the act. Upon appeal in that case it was held the act was unconstitutional; the decision being rested upon a previous ruling of the court in Little v. State, 137 Ala. 659, 35 South. 134. In a later case, however, the Little Case was overruled, but that of the former taxpayer had not been overruled eo nomine. The opinion in the Walker Case points out as a general rule a former adjudication is res judicata only as to parties and their privies; but it was held that the taxpayer represented, not only himself, but every other taxpayer on the one side, and that the city of Montgomery represented the great body of people on the other, and that the mere fact that the machinery of the law was set in motion by a different taxpayer did not affect the question, for the issues were the same, and so, likewise, were the interests involved. As said by the court:

"It would seem, then, that there should be some limit to such proceedings. If, after the determination of such a question, any other citizen could inaugurate similar proceedings and relitigate the same questions, the matter would never be finally settled until every citizen in the city had haled the city council into court and thus kept them in continual litigation."

It was further held that whether or not the former decision was correct will not be inquired into, the court saying:

"For this court to inquire into the question as to whether the former decision was erroneous or not would be to destroy the doctrine of res judicata, which the wisdom of our laws has set up for the protection of the citizens."

However, as said in the case of Ashton v. City of Rochester, 133 N. Y. 187, 30 N. E. 965, 28 Am. St. Rep. 619:

"But the judgment of a court of competent jurisdiction will sometimes operate as an estoppel and a former adjudication against persons who were not named in the proceeding and who were not parties to the record by name. It is enough if they were represented in the action or proceeding which resulted in the judgment, or were entitled to be heard. When a judgment is rendered against a county, city or town in its corporate name, or against a board or officer who represents the municipality, in the absence of fraud or collusion, it will bind the citizens and taxpayers. This is upon the principle that they are represented in the litigation by agencies, authorized to speak for them, and to protect their interests."

Upon principle we consider the Walker Case as decisive of the instant case. Only a public question was involved. Only the public interest concerned, and if the mere fact of a change in the nominal party is to prevent the application of the rule of res judicata, there could then be no stability of decision upon questions of this character, which would always be open to attack.

We are therefore of the opinion that this defense was well sustained by the proof, and that the court below erred in granting the relief prayed. The judgment will therefore be here reversed and one rendered dismissing the proceeding.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.