3 So.2d 53

## CORPREW v. TALLAPOOSA COUNTY.

### 5 Div. 350.

Supreme Court of Alabama.

June 13, 1941.

Rehearing Denied June 30, 1941.

Wilbanks & Wilbanks, of Dadeville, for appellant.

Sam W. Oliver, of Dadeville, for appellee.

BOULDIN, Justice.

Appellant sued the appellee before a Justice of the Peace to recover a sum alleged to be due by way of per diem compensation for services rendered by plaintiff as a member of the "Purchasing Committee" for Tallapoosa County, created by a local act approved July 30, 1935. Local Acts 1935, p. 123.

Recovery was denied in the Justice Court and also on appeal to the Circuit Court on the ground that the act creating the office under which plaintiff claims to render service is unconstitutional and void.

In the Circuit Court the cause was tried on a plea in short by consent, and heard on an agreed statement of facts presenting questions of law upon the constitutionality of the act. This agreed statement of facts was made part of the record, and the appeal to this court is under Tit. 7, § 744, Code of 1940. Williams v. State, 215 Ala. 586, 112 So. 193; Hood v. State, 230 Ala. 343, 162 So. 543.

Under the plea in short by consent, the county set up the judgment in a quo warranto proceeding in 1936, as conclusive upon the question of the constitutionality of the act in question.

The entire proceedings in quo warranto were incorporated in the agreed facts and appear in the present record.

These proceedings disclose an information in due form in the name of the State of Alabama on the relation of J. B. Maynard, a citizen of the county, giving security for the costs, and made parties respondent the then incumbents holding and exercising the official functions of the Purchasing Committee created by this same act.

The information challenged the existence of the offices respondents claimed to hold on the ground that the act was void because violative of specified provisions of the State Constitution.

The respondents, duly served, made default, and, thereupon, the court rendered a judgment holding and declaring the act unconstitutional and void; and ousting respondents from exercising the powers and functions of the office or offices of Purchasing Committee of Tallapoosa County because no such office or offices existed. This judgment is not challenged as in any way collusive or otherwise invalid.

It is fully settled in this State that statutory quo warranto is the appropriate

remedy to test the existence of a de jure office, the same as to oust a usurper intruding into an office; and in adjudicating the existence of such office vel non, the court may determine the constitutionality of the act purporting to create the same. Hale v. State ex rel. Algee et al., 237 Ala. 191, 186 So. 163, and authorities there cited.

Was the judgment on the relation of an individual and against respondents other than this plaintiff res adjudicata as to him?

A quo warranto proceeding is a public proceeding in the name of the State, a necessary party. A proceeding on the relation of an individual, who makes himself also a party, and secures the costs of suit, is pursuant to authority conferred by the State. The purpose is the same, as in a proceeding by the State on the relation of a public officer designated for the purpose. The aim is to prevent any one usurping governmental functions, not vested in him but in some other, or official functions which have no existence in law.

The respondents in the quo warranto proceeding here presented held in the same alleged right as this plaintiff. They represented all of the class claiming official position and power under the same act. Default was an admission of the fact that respondents were members of the Purchasing Committee exercising the official functions created by the act. Default is not an admission of matters of law. The judgment of ouster could have been rendered only on the ground that the act was void, the sole ground alleged in the information so found and adjudged. It was conclusive of that point. 34 C.J. pp. 891, 892.

While authorities are not unanimous elsewhere, it is the law of Alabama that the judgment in the quo warranto proceedings of 1936 was res adjudicata of the right of this plaintiff in this suit. Town of Tallassee et al. v. State ex rel. Brunson et al., 206 Ala. 169, 89 So. 514, 20 A.L.R. 1127; City Council of Montgomery et al. v. Walker, 154 Ala. 242, 45 So. 586, 129 Am.St.Rep. 54; People ex rel. Lewis v. Whittaker, 254 Ill. 537, 98 N.E. 967; 34 C.J. 1030.

Affirmed.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.