This is an appeal from granting of damages on a default judgment.
McGaha, plaintiff, bought a tractor and trailer from Jones, defendant, on October 21, 1982. The parties executed a security agreement and bill of sale evidencing the conveyance of the tractor and trailer. Plaintiff later sold the trailer to a third party. Plaintiff then failed to make several monthly payments to defendant. As a result, defendant repossessed the tractor on August 2, 1983. Plaintiff concedes that he was in default under the original agreement on the date of repossession.
After defendant repossessed the tractor, plaintiff brought an action against defendant for breach of contract, false and reckless misrepresentation, conversion, and detinue.
Plaintiff contended that the above equipment was in disrepair and that he spent $6,721.53 for parts and used his own labor in an effort to repair the tractor. He also alleged that defendant represented to him that the tractor and trailer were in good shape.
Also, plaintiff averred that the parties agreed to refinance the tractor.
Defendant denied the above allegations and asserted several defenses in his answer. The case was originally set for trial on April 18, 1984, and reset for May 10, 1984. The defendant failed to appear on either trial date. A default judgment was entered against him and the case was continued to June 12, 1984 for proof of damages. After a contested hearing, the trial court rendered judgment in the sum of $6,721.53. From this judgment the defendant appeals. Neither party contests the entry of the default judgment by the trial court.
The defendant asserts the trial court erred in awarding damages, as he had a right to repossess for nonpayment under the security agreement. He insists that the plaintiff was responsible for repairs on the equipment; consequently, no damages could accrue to plaintiff from the act of repossession.
In its order awarding damages, the trial court found that defendant did not wrongfully repossess the tractor. Reno v.General Motors Acceptance Corporation, 378 So.2d 1103 (Ala. 1979). This finding rejects plaintiff's claim for damages under the detinue and conversion count, as plaintiff was clearly in default and defendant had a legal right to repossess the tractor. Also, plaintiff testified that he required that the proposed agreement to refinance the tractor be reduced to writing before he would accept it. This was never done, and, therefore, no new contract was formed. Thus, since there was no contract and plaintiff was more than $3,000 in arrears, the court had only the false and reckless misrepresentation count upon which to base a judgment.
The trial court entered a default judgment on plaintiff's claim against defendant. Since the entry of a default, in effect, constituted an admission by the defendant of the facts under the false and reckless misrepresentation count, all that was left for the trial court to determine was the amount plaintiff should recover. Corprew v. Tallapoosa County,241 Ala. 492, 3 So.2d 53 (1941). "If a fraud is not perpetrated grossly, maliciously, oppressively, and with an intent to deceive, the damages to be recovered are such as will compensate for actual damages received." Hall Motor Co. v.Furman, 285 Ala. 499, 234 So.2d 37 (1970).
The damages proven by the plaintiff were for the parts to put the tractor in running condition. After considering the briefs and record before us, we find no error in the awarding of damages by the trial court and this case is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 1274