This is a divorce case. The husband has appealed and raises two issues. *Page 175 
 I.
Before the commencement of the ore tenus trial, the parties entered into a stipulation in open court as to their settlement of all issues in the case with the exception of periodic alimony. The stipulation or agreement which was dictated into the record contains nothing whatsoever about the payment of marital debts or about the minor child being designated, during her minority, as the beneficiary of a life insurance policy issued by Connecticut General Life Insurance Company upon the husband's life. However, the final judgment contains such a provision as to that insurance policy, and it was also provided that the husband shall be responsible for and pay such debts. The husband promptly moved that the trial court reconsider those two items since they were outside the perimeter of the stipulation. The trial court overruled that motion.
There is nothing in the record which indicates that those two items were a part of the agreement of the parties. As a matter of fact, the wife testified at the only evidentiary trial that she heard the husband's attorney dictate the agreement into the record and that it was her agreement. While the parties' briefs contain their differing contentions as to the contents of the alleged actual agreement of the parties, we must look to the record only, since we cannot consider factual matters outside of the record itself. The record cannot be enlarged, changed, altered or varied by briefs of counsel for the record itself must disclose the facts relied upon. Guyton v. Guyton,469 So.2d 640 (Ala.Civ.App. 1985); Taylor v. Taylor, 434 So.2d 280
(Ala.Civ.App. 1983); Roberts v. Roberts, 424 So.2d 644
(Ala.Civ.App. 1982). In short, we are not authorized on an appeal to consider any fact that was not in some manner in evidence before the trial court. Elliott v. Elliott,410 So.2d 74 (Ala.Civ.App. 1982).
Here, there is an absence of anything in the record which authorized the inclusion in the judgment of the provisions concerning the payment of debts or relating to the Connecticut General Life Insurance Company's policy upon the husband's life. Accordingly, the final judgment is reversed and remanded to the learned trial court as to those two provisions.
 II.
The husband complains that the award of periodic alimony of $300 per month to the wife constituted an abuse of discretion.
The question of periodic alimony was the only contested issue in the case. The evidence was heard orally by the trial court. Consequently, the final judgment is presumed to be correct. If it was supported by credible evidenceand is not palpably wrong, the judgment will be affirmed. The trial court has a judicial discretion to exercise as to the award and/or amount of periodic alimony. Its decision thereon will not be altered on appeal in the absence of a clear abuse of discretion. Robertsv. Roberts, 450 So.2d 137 (Ala.Civ.App. 1984).
There is no precedential need to summarize the facts. After a study of the evidence and the argument of able counsel, we have no problem in holding that credible evidence supported the judgment of the trial court as to periodic alimony; that the trial court was not palpably wrong; and that there was no abuse of discretion. The judgment is affirmed as to periodic alimony.
The wife's motion for an award of damages from the husband for a frivolous appeal under Rule 38, A.R.A.P., is denied.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Judges concur. *Page 176