This is a default judgment case.
The plaintiffs sued the defendant Byrd and others. As against Byrd, they alleged in substance that he unlawfully sold spirituous liquors or beverages to a minor defendant, who, as a consequence, became intoxicated, which intoxication caused the automobile which she was driving and in which the minor plaintiff was riding, to leave the roadway, overturn, and strike an embankment, thereby injuring the minor plaintiff and causing damages to the other plaintiff, who was the minor plaintiff's mother.
Byrd was served with a summons and a copy of the complaint on February 11, 1987. Byrd never filed any answer or any other appearance of any kind in the case. However, he did deliver to the plaintiffs' attorneys' office his unsigned and unsworn answers to interrogatories propounded to him by the plaintiffs. Byrd never filed those answers with the clerk. Byrd further gave his oral deposition in the case.
The pretrial order of May 20, 1987, contained the following:
 "The defendant, Billy Byrd, has been served and has filed answers to interrogatories but has not responded to the summons by filing an answer or other responsive pleading. The plaintiffs are instructed that within 20 days she must either apply for default judgment against Billy Byrd after giving him 3 days notice of her intent to do so or suffer a dismissal of the claim against Billy Byrd." *Page 1229 
Attached to the plaintiffs' appellees' brief is a copy of a letter from the plaintiffs' attorney dated May 20, 1987, and directed to Byrd, advising him that it was necessary that an answer in the cause be filed within three days of the receipt of the letter and that, at the expiration of the three-day period, application for a default would be made. That notice does not appear in the appellate record; consequently, we cannot consider it. Sellers v. Sellers, 497 So.2d 174
(Ala.Civ.App. 1986). On June 5, 1987, the plaintiffs applied for a default, and the clerk entered a default against Byrd.
The other defendants and the plaintiffs reached a pro tanto settlement, and the plaintiffs moved the trial court on October 2, 1987, to approve the settlement and to render a default judgment against Byrd. On October 6, 1987, the trial court approved the pro tanto settlement and entered the following concerning Byrd:
 "Furthermore, this cause was set down for trial on September 21, 1987. All parties were given notice of the trial setting, including the pro se defendant Billy Byrd. The case was called for trial and the Court was informed of the pro tanto settlement referred to above. A default having been entered against pro se defendant Billy Byrd on June 5, 1987, and plaintiffs having moved for entry of default judgment against said defendant by motion filed with the Court on October 2, 1987, and the Court taking into consideration the materials incorporated in said motion and matters of record with this Court hereby assesses damages in the amount of $10,000.00 against the defendant Billy Byrd and in favor of the plaintiffs in this cause.
 "It is, therefore, further Ordered, Adjudged and Decreed by the Court that the plaintiffs have and recover of the defendant Billy Byrd, the sum of $10,000.00."
Thereafter, Byrd employed counsel for the first time, and Byrd moved the trial court on November 5, 1987, under Rule 59 of the Alabama Rules of Civil Procedure (A.R.Civ.P.), for a new trial on the ground that the October 6, 1987, judgment is not equitable, since he did not receive notice of the setting of September 21, 1987, nor of the plaintiffs' intention to seek entry of a default judgment on October 2, 1987. He alleged therein that he "believes that he has a meritorious defense" and that he should be allowed to present it. The trial court denied Byrd's motion. Byrd appeals and contends that his post-trial motion should be considered as a Rule 55 motion rather than one which falls under Rule 59. We agree and shall consider the motion as falling under Rule 55.
Byrd's post-trial motion does not attack in any manner the validity of the June 5, 1987, entry of a default against him. It complains only of a lack of notice of the September 1987 trial date and of the October 2, 1987, plaintiffs' motion and proceedings thereunder.
Nothing in the record indicates that the trial court was ever requested to rule upon, or that the trial court did rule upon, the validity of the circuit clerk's June 5, 1987, entry of Byrd's default. We will not review any issue which was not presented to, nor decided by, the trial court. Bevill v. Owen,364 So.2d 1201 (Ala. 1979). Consequently, that entry is presumed to be valid.
That entry of Byrd's default was, in substance and effect, an admission by Byrd of the facts as alleged in the plaintiffs' complaint against him, and all that was left for the trial court to determine was the amount of damages to be awarded against Byrd for the plaintiffs. Jones v. McGaha,470 So.2d 1272 (Ala.Civ.App. 1985). After the entry of the default, he was not entitled to be notified that the plaintiffs were seeking, and that the trial court would conduct, a hearing in order to enable it to determine the damages to be awarded. Consequently, the grounds of his motion which aver a lack of notice as to those matters are without merit.
Additionally,
 "[m]otions to set aside the default which aver in conclusory terms the existence of a meritorious defense are not adequate. Details of the notice of the defense and affidavits, if appropriate, are required. *Page 1230 Modernage Homes v. Woolridge, 55 Ala. App. 68, 313 So.2d 190 (1975). See also Savage v. Wright, 439 So.2d 120 (Ala. 1983); Roberts v. Wettlin, 431 So.2d 524 (Ala. 1983)."
2 C. Lyons, Jr., Alabama Rules of Civil Procedure Annotated, 2d ed., p. 232 (1986).
 "The allegations [of a meritorious defense] set forth in the answer and in the motion must be more than mere bare legal conclusions without factual support; they must counter the cause of action averred in the complaint with specificity — namely, by setting forth relevant legal grounds substantiated by a credible factual basis."
Kirtland v. Fort Morgan Authority Sewer Service, Inc.,524 So.2d 600, 606 (Ala. 1988). See also Jones v. Hydro-Wave ofAlabama, Inc., 524 So.2d 610 (Ala. 1988). Here, there is nothing in the record to indicate that Byrd's unstated and unlabeled defense is of sufficient merit to induce a court to reasonably infer that allowing a trial on the merits could foreseeably alter the outcome of the case. Since no specific averment of any meritorious defense was ever made by answer, motion, or otherwise, and since the record does not disclose any proof in any manner of such a defense, the trial court did not err in denying the motion for that reason alone. Savage v.Wright, 439 So.2d 120, 125 (Ala. 1983).
While Byrd contends in his brief that the trial court would not allow his proof of any of the facts which he averred in his motion, that ruling of the trial court does not appear in the record. Briefs of counsel cannot enlarge the record on appeal, for the record itself must disclose the facts relied upon.Sellers, 497 So.2d at 175.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.